TOM POWELL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

The only question presented is the sufficiency of the evidence to sustain the verdict and this in the opinion of this court was sufficient.

Writ of error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*Scarborough & Scarborough,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

HOCKER, J.—An information was filed in the Criminal Court of Record of Duval County in April 1911, against Tom Powell, charging him with the larceny of a handbag of the value of a dollar and fifty cents, one pocketbook of the value of seventy-five cents, one lot of paper bills and silver coin, a more particular description of which is to the informant unknown of the value of $47.75, of the money, goods and chattels of one Lula Parker. The larceny is alleged to have taken place on the 27th of March 1911. The defendant was tried in May 1911, convicted and sentenced to the State Prison for two years. The judgment is here for review on writ of error.

The only question properly before this court for consideration is the sufficiency of the evidence to sustain the verdict. The evidence tends to show that Lula Parker met the defendant on a street in Jacksonville on the morning when the offense is alleged to have been committed. Tom Powell, who lived next door to Lula Parker, came out of his house on the veranda and was quarreling with an old colored man. He then came out upon the street and was talking with a white man. Lula spoke to Tom about his quarreling with the old negro, and he asked what she had to do with it. She replied and

backed off into the street. . Tom's hack (for he was a hack driver) was in front of his house or near the street corner. As Lula backed into the street Tom followed her. She had her purse on her arm containing over $40.00. In the melee that ensued Tom jerked Lula's umbrella from her hand and hit her with it. She hit him back. Several blows passed. The purse fell to the ground and Tom picked it up and walked towards his hack. Lula followed him and demanded her purse. She requested some colored men not to let Tom take her purse. Someone knocked the pocket book or purse out of his hand, and a colored boy picked it up and handed it to Lula. Before Tom got to his hack a one legged man joined in the melee and seems to have given Tom several punches with his wooden leg. Tom did not open the purse. He did not conceal it, but had it in his hands. The melee occurred in the street and a crowd was standing around. Tom was drinking, and it seems he had been in the habit of drinking and fighting. Lula and he had always been friends. It seems that Tom got into the hack with the pocket book, and Lula got in also in her tussle with Tom. The policeman who arrested Tom says Tom said "Cap I had a line on old Lula for a hundred and fifty, but you beat me to it."

The rule in this State is that the appellate court not grant a new trial upon the insufficiency of the evidence to sustain a verdict of guilt if there is some evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may have fairly been found on it. McDonald v. State, 56 Fla. 74, 47 South. Rep. 585. Tom picked up the pocketbook. Why did you do it? It was not a weapon. He then undertook to get into his hack with it. Why did

he do that? It was knocked out of his hand. He then stated to the policeman, in substance, that he was prevented by the latter from appropriating it. The jury saw and heard the witnesses and found from these facts the essentials of larceny, *viz.* a taking and carrying away with the feloneous intent to deprive the owner of her property. The jury also passed on the question of intent as affected by his alleged drunkenness, and found against the defendant. Under the decision referred to above, we are not authorized to reverse the judgment, and it is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.