PEARSON, Judge.
The appellant was tried before a jury and found guilty of the crime of manslaughter. The sole issue presented for determination on the appeal is the sufficiency •of the evidence to support the judgment •of the trial court. The Supreme Court of Florida has adhered to the principle that .an appellate court should not grant a new trial upon the insufficiency of the evidence to sustain the verdict of guilty affirmed by the trial court if there is substantial evidence of all the essential facts. McDonald v. State, 56 Fla. 74, 47 So. 485; Powell v. State, 63 Fla. 34, 57 So. 609; Middleton v. State, 63 Fla. 24, 58 So. 225; Lancaster v. State, Fla.1952, 59 So.2d 643. 'The guiding principle controlling is whether as reasonable men the jury could have found the challenged verdict from all the ■evidence adduced. Peele v. State, 155 Fla. 235, 20 So.2d 120.
The admitted facts are that the appellant ■was a police officer and while on duty and armed he went to the residence of the deceased to collect a debt she owed him. He .arrived at the home of the deceased at approximately three-thirty in the afternoon. ’While a woman companion of the deceased "was in the next room making a phone call the deceased was shot. It is admitted that the appellant’s gun shot the deceased.
The appellant testified that the deceased was accidentally shot when she tried to take his gun away from him. As a police officer and as a former member of the United States Marine Corps he was familiar with the procedure used to disarm a person. This is a matter of defense upon which the jury passed. Between ten-thirty in the morning and one-thirty or two o’clock in the afternoon the appellant consumed “the major portion” of a half pint of whiskey. In addition there was other evidence that the appellant was under the influence of intoxicating liquor to such an extent that his judgment was impaired at the time of the shooting. We do not find that the trial court erred in its refusal to direct a verdict for the defendant or in its denial of his motion for a new trial based upon insufficiency of the evidence.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.