SHANNON, Judge.
The appellant-defendant was convicted under an information charging him with two counts of forgery of a public record and on this conviction he appeals.
The defendant was employed as a drivers’ license examiner by the Florida Highway Patrol. In the office with him was another license examiner by the name of William Coward. Under date of March 16, 1957, Ike Wilson was an applicant for a driver’s license. The defendant tested the applicant within the office but another man administered the road test which he failed, and he was then instructed by the defendant to return at eight o’clock the following Monday morning. The applicant returned Monday at eight o’clock and saw the defendant, who signed a piece of *795 paper which he gave to the applicant and informed him that he would get his license if he would take that paper to Fort Lauder-dale. The applicant stated that he did not take another road test when he returned on Monday, and also stated that he gave the defendant two dollars. It was admitted by the defendant that he had signed the name of William Coward to the driver’s license application. William Coward gave the applicant only one road test which he had failed. Also, another applicant, James Edward Wiggins, testified that he applied for a driver’s license on March 16, 1957, and that the defendant administered the eye test to him but that in the road test, given by an examiner other than the defendant, he had failed. Wiggins further testified that he had then demanded his money back from the driving school which he had attended, but thereafter he received his driver’s license in the mail despite the fact that he had failed the test. The defendant admitted that he placed the signature of examiner Coward on the application of Wiggins, also.
The defendant, in his brief and by the argument of his counsel before this court, poses three points of law, namely:
“1. Whether the court erred in denying appellant’s motion to quash the information.
“2. Whether the court erred in making its charge to the jury.
“3. Whether the evidence is sufficient under the law to support a judgment and sentence.”
In his motion to quash the information the defendant alleges that an application for driver’s licenses is not a public record. He cites as authority for his position the Florida case of Amos v. Gunn, 84 Fla. 285, 94 So. 615, 634, and quotes from that case as follows:
“(9) A public record is one required by law to be kept, or necessary to be kept in the discharge of a duty imposed by law, or directed by law to serve as a memorial and evidence of something written, said, or done.”
This court in passing on the defendant’s question takes into consideration the following provisions contained in Florida Statutes 1955, Chapter 322, F.S.A. which read:
322.08 “Application for license or instruction permit.—
“(1) Every application for an instruction permit or for an operator’s or chauffeur’s license shall be made upon a form to be furnished by the department.
* * *»
322.13 “The department may appoint local examiners.—
“The department may designate as examiners, state highway patrol officers, other officials, or private citizens. Any state highway patrol officer, or other person accepting designation as an examiner, shall conduct examinations hereunder and make such written report of findings and recommendations to the department as it may require.”
322.20 “Records to be kept by the department.
“(1) The department shall file every application for license received by it and shall maintain suitable indices containing in alphabetical order:
“(a) All applications denied and on each thereof note the reasons for such denial.
“(b) All applications granted. ‡ ‡ ‡
In view of the fact that the defendant was a public employee and the statute just cited provides for a driver’s license application to be kept as a record by the department, we will have to hold that it is a public record which can be the subject *796 matter of forgery as was charged' against the defendant in the information.
In his second point the defendant takes exception to the trial court’s charging the jury because, as stated, defense counsel was given no opportunity to be heard on the instructions before the court gave them to the jury. In particular, the following instruction, defendant says, was erroneous in that the court as a matter of law determined that the driver’s license application was a permanent record:
“You are further instructed that if you find from the testimony and evidence in this case that certain applications for a motor vehicle operator’s license was used to secure sítch a license for the witnesses, Ike Wilson, or James Wiggins, or both, and that the form of the application was identical to the form of the application for a motor vehicle driver’s license then in use by the Department of Public Safety of the State of Florida, then you must find that the application is a public record and proper subject for the charge of Forgery.”
In the first place, the defendant was not in a position to present any objections to the charges of the court for the reason that he objected, as a matter of record, only after the jury had been charged and after it had retired. Section 918.10(3), Florida Statutes, F.S.A., provides that at the close of evidence and prior to the commencement of the arguments to the jury any party may file written requests for instructions to the jury. The defendant failed to do this. Also, subsection 4 of the same statute precludes a party from assigning as error the giving or failure to give an instruction to which he did not object prior to the time that the jury retired to consider its verdict.
In the second place, the instruction that the defendant complains of is correct, as we see it, under authority of Amos v. Gunn, supra, wherein our Supreme Court states:
“But what is a public record is a question of law. A public record is a written memorial, made by a public officer and that officer must be authorized by law to make it.” 94 So. at page 634.
In his charge there was no necessity for the trial court to give the jury the task of deciding whether or not the driver’s license application was a public record.
In his third point the defendant raises the question of whether the evidence was sufficient to support the judgment and sentence. Taking the well-settled rule that there must be some evidence from which the jury could reasonably reach the conclusion that was reached, it will be seen in the transcript of record that there was a conflict of testimony on the question of whether the defendant did or did not forge these instruments. The jury found that he did and this court cannot say that the jury could not reasonably have reached the verdict that it did. In Powell v. State, 63 Fla. 34, 57 So. 609, the rule is expressed as follows:
“The rule in this state is that the appellate court should not grant a new trial upon the insufficiency of the evidence to sustain a verdict of guilty, if there is some evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may have fairly been found on it.” (Emphasis supplied.)
Under the facts given in testimony in this case, the jury could reasonably conclude as it did, that the defendant signed his co-worker’s name with the design and purpose in mind to subvert the Motor Vehicle Law in this State by permitting unqualified persons to obtain legal authorization to operate motor vehicles.
Affirmed.
KANNER, C. J., and SMITH, CUL-VER, Associate Judge, concur.