SPECTOR, Judge.
Appellant was convicted on two counts of automobile theft in a trial by jury.
It is urged by appellant that the trial judge erroneously instructed the jury that guilt could be inferred from appellant’s unexplained possession of recently stolen goods.
The trial court included in its instructions to the jury the following:
“Now, I also charge you that the unexplained possession of goods recently stolen is a circumstance from which an inference of guilt may be drawn when considered in connection with all the other circumstances of the case and that the unexplained possession of recently stolen property is a sufficient basis in and of itself for the verdict of guilty for the larceny of such property as charged in this information.”
Appellant argues that the foregoing instruction was erroneous in two respects. First, the error assigned is that the instruction violates the defendant’s privilege not to be a witness against himself in contravention of the Fifth and Eleventh Amendments of the United States Constitution and Section 12 of the Declaration of Rights of the Florida Constitution. [Section 9 of Article I of the Constitution of 1968 contains a provision of like import.] Without unduly extending our decision herein, it is sufficient to observe that this court in Shaw v. State, 209 So.2d 477 (1968), cert. denied 218 So.2d 168, rejected the argument that such an instruction in larceny cases contravenes the cited constitutional provisions. Thereafter, the Supreme Court in State v. Young, 217 So.2d 567 (1968), laid the question to rest in a decision reversing the appellate court’s opinion reported in 203 So.2d 650 which ruled in favor of an argument similar to that made by appellant in the case at hand. See Burroughs v. State, 221 So.2d 159 (Fla.App.1969).
In addition to the constitutional assault upon the subject instruction, it is contended that it was error to charge “ * * * that the unexplained possession of recently stolen property is a sufficient basis in and of itself for a verdict of guilty for larceny of that particular property.” In opposition to this attack on the instruction, the ap-pellee contends that Section 918.10(4), Florida Statutes, F.S.A., prohibits our consideration of this objection to the instruction. In so contending, of course, the appellee does not concede that the instruction is defective in any respect, as *350 serting only the statute inhibits the appellant’s right to raise the issue.
Section 918.10(4), Florida Statutes, F.S.A., reads as follows:
“(4) No party may assign as error or grounds of appeal, the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. * * *”
(Emphasis supplied.)
To determine whether the statute relied on by the State can be given the efficacy suggested by the State, it is necessary to inquire into the transcript of the proceedings below during that phase of the case relating to the giving of the subject instruction. The record reflects that upon completion of instructions to the jury, no objection was addressed to the subject instruction by appellant’s counsel. After they were given, the jury was removed from the courtroom after which the court asked whether there were any exceptions to the charges as given or any additional or supplemental charges desired by the State or defense. No objections were made at that time. The jury was then recalled and subsequently retired to consider its verdict. Shortly thereafter, the jury returned for clarification of the questioned instruction at which time the court repeated the instruction to the jury. Again, the trial court asked if there were any objections, and the defense stated there were none.
It was only after the jury had indicated that it had reached its verdict and desired to re-enter the courtroom for the purpose of announcing,it to the court that the defense attorney stated for the first time in the record that “ * * * I would like to object to that last charge. Changed my mind * * * it is not a correct charge in that it would make the defendant testify against himself.” The trial court denied the objection for the stated reason that the instruction had been given twice without objection.
We think the trial court’s ruling was consistent with the statute relied on by the appellee as well as the appellate decisions on this issue. In Hodges v. State, 107 So.2d 794, 69 A.L.R.2d 1091 (Fla.App.1958), the court held that an instruction to the jury could not be raised for reversal on appeal where no objection was made thereto in the court below prior to the time that the jury retired to consider its verdict. Moreover, appellant’s objection to the subject instruction even if made seasonably would be of no avail to the appellant since the stated ground for the objection, that is, that it would make the defendant testify against himself, was not sustainable in law as held in Shaw v. State, supra; State v. Young, supra; and Burroughs v. State, supra.
Section 918.10(4) requires that an objection to a jury instruction be not only seasonable but also that the ground stated in support of the objection be well founded in law. Hamilton v. State, 152 So.2d 793 (Fla.App.1963). Inasmuch as appellant failed to comply with the requirements of the cited statute, we are not compelled to consider the belated objection to the instruction as given. We hasten to add that while we ground our decision on this question on the statute, we by no means agree with appellant’s contention that the instruction as given was erroneous. It is unnecessary to reach that question in view of the unseasonable and improperly grounded objection made by appellant.
The remaining ground urged for reversal is based on the sufficiency of the evidence to convict. We hold that this point too is without merit. The evidence adduced at the trial and the reasonable inferences which could be drawn therefrom were sufficient to support the jury’s finding of guilt. State v. Young, supra.
The judgment appealed is therefore affirmed.
JOHNSON, C. J., and WIGGINTON, J., concur.