A. L. BRANTLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed December 12, 1922.

1. It is well settled that a defendant is not entitled as of right to an instruction to the jury to return a verdict of acquittal.

2. A writing will not be admitted in evidence as a standard of comparison with another writing, the genuinenes of which is in issue, unless the genuineness of the writing offered is sufficiently clear that, if it were one of the issues in the case, a verdict would be directed in favor of its genuineness.

A Writ of Error to the Circuit Court for DeSoto County, George W. Whitehurst, Judge.

Reversed.

*O. Edgar Williams* and *Lee J. Clyatt,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *Marvin C. Mc-Intosh,* Assistant Attorney General, for the State.

WEST, J.—The offense of which the accused in this case was convicted charges in two counts the writing, composing, and sending a communication containing a threat to do bodily injury to the person to whom it was addressed, the crime denounced by section 5094, Revised General Statutes of Florida. Upon a trial there was a verdict and judgment of guilty as charged. Writ of error was taken from this court.

There are two assignments of error. The first seeks a review of the ruling of the trial court refusing to direct the jury, upon motion of defendant at the close of the state's case, to return a verdict of not guilty. There was no error in this ruling. This court has repeatedly held that a defendant is not entitled as of right to an instruction to the jury to return a verdict of acquittal. Sessions v. Sate, 82 Fla. 249, 89 South. Rep. 553; Yarborough v. State, 79 Fla. 256, 83 South. Rep. 873; Drayton v. State, 78 Fla. 254, 82 South. Rep. 801.

The second assignment presents the question of the sufficiency of the evidence to support the verdict.

In attempting to establish defendant's guilt, proceeding under section 2739, Revised General Statutes of Florida,

the state offered in evidence first the communication containing the threat. It is anonymous. The envelope offerred with it and in which the communication was forwarded through the mails is postmarked "Falmouth, Fla., Oct. 24, 1921 1 P. M." It is addressed to "J. D. Kelly (the name of the person against whom the threat was made). Acadia, Fla." on the back "Suwannee Co." J. D. Kelly, a witness for the State, testified that he received this communication through the mail from the post office at Arcadia, Florida. For comparison another communication addressed to "Mr. E. H. King," purporting to be written by the defendant and bearing his signature, was then offered and admitted in evidence over objections interposed on behalf of defendant to its introduction. To prove this latter communication to be the handwriting of the defendant and therefore admissible under the statute as a standard for comparison, the witness J. D. Kelly testified that he was present when E. H. King received it through the mail from the post office at Arcadia, Florida.

To make out its case the burden of proof beyond all reasonable doubt rested upon the state. To sustain the charge it was essential that the state prove the communication containing the threat to be the act of the defendant. No evidence tending to prove this fact, except the two communications mentioned, was offered. It is true that the statute authorizes a comparison of the "disputed writing" with any writing "proved to the satisfaction of the judge to be genuine." And it is contended that since the trial judge admitted the letter to King for the purpose of comparison, he must have been "satisfied" that it was genuine, and he being so satisfied, the question is not open for further inquiry. This contention is based upon the theory that the ruling of the trial judge admitting in

evidence the communication purporting to be from the defendant addressed to King amounts to a decision that this writing was "proved to the satisfaction of the judge to be genuine" and that his decision upon this point is conclusive.

While there are authorities apparently holding to this effect, we are not in accord with that view, nor is it supported by the weight of authority. For an interesting history of the statutes, English and American, and judicial decisions on the subject see University of Illinois v. Spalding, 71 N. H. 163, 51 Atl. 731, 62 L. R. A. 817 and note; Gambrill v. Schooley, 95 Md. 260, 52 Atl. 500, 63 L. R. A. 427 and note.

The true rule, we think, is that announced by the Supreme Court of New York, appellate division, in the case of Clark v. Douglass, 40 N. Y. Supp. 769, where the court, speaking through Mr. Chief Justice Parker, said: "The absurdity of allowing a signature claimed to be a forgery to be compared with another, which is also claimed to be a forgery, and concerning the genuineness of which there is considerable doubt, is apparent. And it seems clear that, whatever may be the character of the proof used, it should be such as fairly establishes the genuineness of the standard offered. Without intending to lay down any inflexible rule, we are of the opinion that unless the evidence of the genuineness of the standard is so clear that, if it were one of the issues in the case for the jury to determine, a verdict should be directed in favor of its genuineness by the court, it may not properly be allowed in evidence."

The court said further: "We are of the opinion that it is within the province of this court to review the evidence upon which the genuineness of the standard is claimed to

be established; and when, in our judgment, such evidence is plainly insufficient, and it appears that injustice has been done, we should give the injured party a new trial.''

The ''writing'' offered and received in evidence in this case as a standard for comparison is shown to be genuine by nothing more than the fact that it is a communication bearing the signature of the accused, received through the mail by the person to whom it was addressed. It does not purport to be, and no proof was offered to show that it was in response to a communication received by the alleged writer. The finding that the written threat was the act of the accused has nothing more to support it than the opinion of the jury that it is in the same handwriting as the communication to King, which bears the defendant's signature. But there is no proof that this communication was the ''writing'' of the defendant. It probably was, but probability of guilt or inconclusive circumstances equally consistent with some other hypothesis than the guilt of the accused are not sufficient basis for a conviction of crime. The genuineness of the standard for comparison is not sufficiently proved to warrant a conviction.

There was error in the order overruling defendant's. motion for a new trial for which the judgment must be reversed.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.