PARK TUCKER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed June 14, 1923.

1. Overruling a motion to strike evidence of flight of an accomplice is not reversible error when there is also in the record undisputed proof of flight of the defendants who are on trial.

2: It is well established in this jurisdiction that a defendant is not entitled as of right to an instruction to the jury to return a verdict of acquittal.

3. The rule is that the unexplained possession of recently stolen goods is sufficient basis for a verdict of guilty upon a charge of larceny of such goods.

4. Charges of the court must be based upon facts in proof, and if not so based upon facts in proof it is error to give them.

5. The question of whether an explanation made by one found in possession of recently stolen goods, when he is charged with the theft of such goods, is reasonable and credible, is one of fact to be considered by the jury in connection with all the other facts and circumstances submitted to them in the trial of the case.

6. The account or explanation given by one found in possession of recently stolen goods may be reasonable and highly plausible and yet, if the jury do not believe it, they have the right to convict upon the evidence furnished by the possession of the stolen goods alone, even though the State does not put in any evidence directly to prove the falsity of the account given.

A Writ of Error to the Criminal Court of Record for Orange County; T. Picton Warlow, Judge.

Affirmed.

*E. W. & R. C. Davis,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for the State.

WEST, J.—Plaintiff in error, with Virgil Dillard and Luther Crane, was informed against in the Criminal Court of Record of Orange County upon a charge of larceny, the property alleged to have been stolen being one Ford automobile of the value of $500. Plaintiff in error and defendant Virgil Dillard were tried upon the issue made by plea of not guilty to the information. There was a verdict of guilty as charged and from the judgment imposing sentence writ of error was taken by Park Tucker.

Upon a trial of the case a witness on behalf of the State, who was a deputy sheriff of the county, testified that he had never been able to locate Luther Crane, jointly charged with Park Tucker and Virgil Dillard with the commission of the crime. There was a motion to strike this evidence on the ground that it was immaterial and that it was testimony with respect to the act of the accused after the commission of the alleged offense. This motion was denied and the ruling is assigned as error. This ruling, even if erroneous, is not harmful. According to undisputed evidence, each of the three persons charged with the crime, when found in possession of the automobile alleged to have been stolen, fled from the scene, and defendants Tucker and Dillard, who were on trial, were not therefore apprehended and taken in custody until several weeks later. When it was proved that the defendants on trial had themselves evaded arrest for several weeks by flight, evidence that this accomplice did likewise could have little, if any, bearing on the case, and the

motion to strike this evidence will not, even if technically erroneous, be held prejudicial error.

When the State had rested, counsel for defendants moved the Court for a directed verdict in favor of the defendants, the ground generally being that prima facie proof of guilt had not been made. This motion was denied and the ruling denying it is assigned as error. It is well established in this jurisdiction that a defendant is not entitled as of right to an instruction to the jury to return a verdict of acquittal. There was no error in this ruling. Brantley v. State, 84 Fla. 649, 94 South. Rep. 678; Grantham v. State, 83 Fla. 16, 90 South. Rep. 697; Sessions v. State, 82 Fla. 248, 89 South. Rep. 553; Yarbrough v. State, 79 Fla. 256, 83 South. Rep. 873; Drayton v. State, 78 Fla. 254, 82 South. Rep. 801.

Error is assigned upon the refusal of the trial court to give each of the following charges:

"In order that recent possession shall be considered as any evidence whatever connecting the defendants with the crime, such possession must be personal, recent and unexplained and such as indicates a conscious assertion or claim to the property. The court charges you that the mere proximity to the stolen property or engaging in mechanical work thereon is not of itself such possession as would raise the presumption that the party so in the vicinity or so working on said personal property was the person who stole the same, and if you find no other evidence in the case pointing to the guilt of the defendants, then you should find the defendants not guilty."

"The mere finding of personal property in a wild and uninhabited country in the immediate vicinity or proximity of the defendants, or if the defendants were at work on said property doing mechanical labor thereon is not of itself such evidence as would warrant the jury in

assuming that they were asserting ownership thereover, and if you find no evidence in the case, save the matters above mentioned, then you should find the defendants not guilty.''

The rule is that the unexplained possession of recently stolen goods is sufficient basis for a verdict of guilty upon a charge of larceny of such goods. Capello v. State, 82 Fla. 313, 90 South. Rep. 191; Kirkland v. State, 82 Fla. 119, 89 South. Rep. 356; Wallace v. State, 76 Fla. 175, 79 South. Rep. 634.

In this case the defendants were found in possession of the automobile alleged to have been stolen. It was proved that it had been stolen some two weeks or more prior to the time when it was found in the possession of the three defendants. It was in a swamp where it appeared to have been standing for several days and when discovered the three defendants were working on it, filing off the motor number, cleaning up and repolishing the automobile. When the deputy sheriff approached them they ran, leaving the automobile and their tools, including a stamping outfit which, according to the evidence, was suitable for changing the motor number. From this brief resume of the facts in evidence, it is apparent that the requested charges are not predicated upon the evidence. The evidence contained incriminating matters and circumstances not mentioned in the charges requested.

The explanation of their possession of the automobile appears from the verdict not to have appealed to the jury. The reasonableness of the explanation was a question for the jury. Their flight when discovered may have tended to discredit defendants' explanation. It can not under the circumstances be said, as a matter of law, that the jury were wrong in refusing to accept this explanation as true, or as sufficient to raise in the minds of the jury a reason-

able doubt of defendants' guilt. The evidence is sufficient to support the verdict. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Jackson v. State, 49 Fla. 3, 38 South. Rep. 599. There was therefore no error in denying the motion of plaintiff in error for a new trial.

This disposes of all the assignments of error.

The judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.