HAROLD DAVIS, *Plaintiff in Error,* v. STATE OF FLORIDA,
*Defendant in Error.*

Opinion Filed May 21, 1924.

Petition for Rehearing denied June 18, 1924.

This case was decided by Division A.

1. When a writ of error is taken to a judgment in a criminal
   case, it is the writ which operates as a supersedeas upon a
   bond being given as the statute requires.

2. When there are several assignments of error and only one is
   argued, those which are not argued will not be considered by
   the appellate court.

3. The defendant is not entitled as of right to an instruction to
   the jury to return a verdict of acquittal.

4. Evidence examined and found sufficient to support the ver-
   dict of receiving stolen property knowing it to have been
   stolen.

A Writ of Error to the Circuit Court for Polk County;
John S. Edwards, Judge.

Judgment affirmed.

*Wilson & Boswell,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,*
Assistant, for the State.

ELLIS, J.—In October, 1921, the plaintiff in error was
indicted for the larceny of a Ford automobile, the prop-
erty of Mrs. W. O. Pearce, and for receiving the stolen

machine knowing the same to have been stolen. The date of the alleged theft was August 14, 1921. The defendant was put upon trial on November 23, 1921. Upon motion the State Attorney elected to prosecute upon the second count which charged the defendant with receiving the stolen property knowing it to have been stolen. There was a verdict of guilty as charged in the second count. The defendant was sentenced on the 29th of November, 1921, according to the record, but according to the bill of exceptions he was sentenced on the 25th of November.

Ninety days were allowed in which to make up and tender a bill of exceptions. A motion for a new trial was overruled on November 29, 1921. The bill of exceptions was presented on February 22, 1922, and signed on the 29th of that month. The bill of exceptions is not in narrative form, the testimony being set out in the form of questions and answers under the certificate of the judge that it was necessary to be presented in that form to be clearly understood. It contains a large proportion of irrelevant and immaterial statements of fact.

The record proper states that the motion for a new trial was overruled and sentence imposed on the 29th of November. The bill of exceptions states that the motion for a new trial was overruled and supersedeas bond fixed at the sum of five thousand dollars on November 25, 1921. The supersedeas bond was given and approved on the last mentioned date.

On the 15th of March, 1924, more than two years and four months after the trial and sentence and the filing of the "supersedeas bond" the attorneys for the defendant filed their praecipe for a writ of error which was issued upon that date and returnable to this court upon the 21st of April, 1924.

In approving the supersedeas bond the statute; Section

6152, Revised General Statutes, was ignored in that the affidavits of the sureties did not contain any description of their real property.

It is the writ of error and not the bond which operates as a supersedeas, although a bond is required to be given in conformity with the provisions of the statute before the writ of error so operates. See Section 6151-6152, Revised General Statutes.

The record does not show whether during the period of two years and four months which elapsed between the date of the sentence and the suing out of the writ of error the defendant has been in confinement or not. If he has not that fact is a matter for consideration of the executive department and not the judicial.

The motion for a new trial contained many grounds and so does the assignment of errors relied upon for the reversal of the judgment, but only one is discussed in the brief of counsel for the plaintiff in error and that one is that the verdict was contrary to the evidence.

It is therefore the only one which will be considered. See Williams v. State, 25 Fla. 734, 6 South. Rep. 831; Holland v. State, 39 Fla. 178, 22 South. Rep. 298; Lamb v. State, 50 Fla. 106, 38 South. Rep. 906; Thomas v. State, 36 Fla. 109, 18 South. Rep. 331; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287.

There were no errors in the trial of the case which were the subject of any assignment not discussed, so glaring that this court would be required under the rule to reverse the case *sua sponte.*

It is unnecessary to discuss the evidence in full. The evidence for the State tended to show that Mrs. Pearce was the owner of an automobile; the engine number was 4891886. It was of the type called a Ford. It was stolen on Sunday night, August 14, 1921, and later, on about the

31st of August, it was found in the defendant's possession. It was identified as the property of Mrs. Pearce although the top and tires had been changed, the spot light removed and the number of the engine changed from 4891886 to 4884886, the nine having been changed to the figure eight and the figure one to the figure four. The alteration was crudely done and easily detected. The spot light and tires were also found in the defendant's possession. This evidence practically constituted the case as presented by the State.

A motion to direct a verdict of not guilty was denied. This was not error. There is no rule requiring a motion of that character in a criminal case to be granted. See Brantley v. State, 84 Fla. 649, 94 South. Rep. 678; Tucker v. State, 86 Fla. 36, 96 South. Rep. 10.

If there was any doubt as to the sufficiency of the evidence as adduced by the State to support a verdict of guilty upon the second count of the indictment the consideration of the entire evidence removes such doubt, and is quite sufficient to support the verdict.

The evidence offered in behalf of the defendant tended to show that he knew on the night of August 14, 1921, that Mrs. Pearce's automobile had been stolen. The defendant, himself, testified that on August 16th, Tuesday morning following he exchanged a Buick car, which he had bought the day before from a man giving his name as J. C. Edwards, for the Ford Automobile. The exchange was made with the same person from whom the defendant had purchased the Buick the day before. The defendant had not seen the person before nor has he seen him since. The reason for the exchange of the Buick for the Ford, as given by the defendant, was that Edwards said "there was something wrong with the title" to the Buick. The defendant changed the tires on the Ford and

removed the spot light.  He drove the Ford to Tampa on Wednesday morning.  On Friday following he drove the car to Miami and then to West Palm Beach.  He advertised the Ford for sale in Miami; then came to West Palm Beach, advertised it for sale there, left it in that city for sale and came back to his home in another car which he had taken with him to the East Coast for the purpose of trading for a "speed boat".  Failing to make the trade of that car for the speed boat he returned in it leaving the Ford in West Palm Beach for sale.

There was other evidence consisting of statements by the defendant in their nature exculpatory and that of other witnesses tending to corroborate such statements of the defendant concerning the open, artless, undesigning use of the Ford automobile.  He drove it about the streets of the town in the daytime, openly offered it for sale in two distant cities, but the numbers had been changed, the top exchanged for another and the spot light removed and tires changed.  The Ford had been disguised and, according to a witness who was a dealer in second hand cars, such disguises are often resorted to effectively to prevent prospective purchasers from recognizing the old car of their friends or acquaintances.

We are not prepared to state that the evidence considered in its entirety was insufficient to support the verdict; so the judgment is affirmed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.