STATE, *ex rel.* PEARL SEAY, v. NATHAN MAYO, as Commissioner of Agriculture and Supervisor of State Prison.

189 So. 26

Opinion Filed May 19, 1939.

*H. O. Brown,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Respondent.

CHAPMAN, J.—This is a case of original jurisdiction. The record in this case shows that the petitioner, Pearl Seay, was convicted in the Circuit Court of Union County, Florida, on the crime of larceny of a hog, and on the 12th day of December, 1938, was by the trial court sentenced to the State Prison for a period of two years at hard labor. From this sentence of conviction a writ of error was sued out, order of insolvency entered, and a supersedeas order permitting or allowing petitioner to deposit into the registry

of the office of the Clerk of the Circuit Court of Union County, Florida, the sum of $300.00 in compliance with the conditions of his supersedeas bond, and when so complied with by petitioner, that said bond would have the effect of and act as a supersedeas in said cause.

The supersedeas bond was filed by the petitioner here and the sum of $300.00 paid into the registry of the office of the Clerk of the Circuit Court of Union County, Florida, and the supersedeas bond and the payment of the $300.00 were approved and accepted by the Clerk, *supra,* under date of December 12, 1938, and a certified copy thereof as made by the Clerk now appears in the record here. It affirmatively appears that the petitioner had complied in all respects with the terms and conditions of the supersedeas order as entered by the trial court and was discharged from custody while his case on appeal was awaiting disposition by this court.

On January 16, 1937, the Clerk of the Circuit Court of Union County, Florida, issued a commitment of the petitioner here to the State Prison based upon the judgment of conviction and sentence to the State Prison for a period of two years for the larceny of a hog and was issued at a time when the said judgment of conviction had been superseded and all the terms and conditions of the supersedeas order had been fully complied with and the judgment had been appealed to this Court and had not been reached or disposed of on its merits by this Court. The petitioner has a right, as a matter of law, to have the judgment of conviction and sentence entered by the lower court reviewed by this Court.

On petition for a writ of habeas corpus counsel contends that the petitioner here is being unlawfully deprived of his liberty and that the commitment issued by the Clerk of the Circuit Court of Union County, Florida, based on the judgment lawfully superseded is void *ab initio.* The return as

made by the respondent to the writ served upon him has been examined and the same fails to controvert the facts as above stated, and we hold that the return showing the cause of detention is legally insufficient upon which to deprive the petitioner of his liberty. See Sections 8465, 8466, and 8467, C. G. L.; Davis v. State, 87 Fla. 505, 100 So. 739; State v. Mitchell, 29 Fla. 302, 10 So. 764; Rabon v. State, 7 Fla. 10.

It being made to appear that the petitioner is being unlawfully deprived of his liberty, it is the judgment of this Court that the petitioner, Pearl Seay, be and he is hereby discharged from custody. It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.