H. L. FISK v. STATE

190 So. 10
Division A
Opinion Filed June 30, 1939
Rehearing Denied July 11, 1939

*McKay, Macfarlane, Jackson & Ramsey* and *Chester H. Ferguson,* for Plaintiff in Error.

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—Plaintiff in error was found guilty by the jury and sentenced to serve two years in the penitentiary under an information charging him with receiving stolen property with knowledge that it had been stolen.

He conducted a mercaitile business where he sold wearing apparel and jewelry and also repaired watches. On several occasions he purchased old gold for resale to the government mint, and his conviction was based on one of these transactions with a self-confessed thief and drug addict who committed a robbery and delivered his loot to plaintiff in error who weighed it and paid him the prevailing price for the gold it contained.

It was established by the State that soon after the burglary the person whose property had been purloined called on the plaintiff in error at his place of business, whereupon the latter made available his books showing his purchases of old gold from the man who subsequently pleaded guilty to the actual theft.

The convict testified that the gold he sold plaintiff in error was weighed near the entrance of the store, in the daytime during business hours and that he advised plaintiff in error that he was buying the metal "from house to house." In the course of their dealings plaintiff in error set a stone in a ring for the thief and charged him a small fee for the service.

The most damaging testimony was the statement by the burglar that plaintiff in error said he knew where the gold

was being obtained and he didn't care, but the time was not fixed and its materiality is therefore in grave doubt.

Plaintiff in error testified that he asked the thief how he tested gold he bought and was told that he did so with acid, and to give emphasis to the statement was shown where the latter had burned himself with the fluid. This was denied.

It is true that an inference of guilt may be drawn from the unexplained possession of recently stolen goods sufficient to support a verdict, Tucker v. State, 86 Fla. 36, 96 South. Rep. 10, and if an explanation be given the jury must determine its reasonableness and credibility, McDonald v. State, 56 Fla. 74, 47 South. Rep. 485. If the account raises a reasonable doubt of guilt the defendant should be given the benefit and acquittal should follow.

We hesitate to interfere with the verdict of a jury and the rule is that such a finding will not be disturbed where there is sufficient testimony, even though conflicting, which if believed would substantiate the charge. Here, however, there is little discrepancy in the various stories related by the witnesses and believing all or any part of them there is scant proof to support the conviction. There are suspicions of guilt because of failure to report gold sales to the authorities and because of some former difficulty which was not of such consequence as to bear any weight with the jury, but there was a paucity of facts showing conduct on the part of the accused that one naturally associates with the person who aids the thief by disposing of his ill-gotten wares.

Because of insufficient testimony, we think the judgment should be and it is—

Reversed.

TERRELL, C. J., and BUFORD, J. ,concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.