108 So.2d 38 (1959)
Dusky ARD, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
January 7, 1959.
*39 David H. Levin, Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The appellant was convicted of receiving stolen property with knowledge that it had been stolen and was sentenced to one year in the penitentiary.
Sentence was imposed 17 October and notice of appeal was filed 23 October, both in 1956. Under the provisions of Sec. 26(6) of Article V of the Constitution as amended 6 November of that year, F.S.A., the court retained jurisdiction of the cause. The transcript finally reached this court 7 August, the last brief came in 19 September, and the oral argument was presented 5 November, all in 1958.
At the trial the appellant did not testify. Despite this situation the assistant county solicitor in his argument to the jury made the following comment:
"Another rule of law that the Court will charge you on is this. When you are found in possession of stolen property, then the Burden becomes on you, the burden is on you to make a reasonable explanation of how you got it, and if no explanation is forthcoming that you find reasonable then the law is that the Jury has the right to bring in a verdict of guilty on that fact a person found in possession of stolen property. Now, like I pointed out to you, that is undenied here that this property was stolen, and it is undenied that this defendant moved two cartons of cigarettes, two cases of cigarettes himself in the trunk of the car, one case into the Penny Profit and brings back twenty dollars first, at least that is the part he accounted for, and then he gets five dollars more. Now, the Court will charge you that is the law. Ordinarily, as Counsel has remarked to you, I believe he has, or maybe I have, that the burden is on the State to prove the Defendant guilty beyond a reasonable doubt. That is true, but it is also the law that when a defendant is found in possession of stolen property the burden then shifts to him to give a reasonable explanation of how he got into it. I ask you today if a reasonable *40 explanation has been forthcoming. He has subscribed to a statement." (Italics supplied.)
On many occasions this court has dealt with arguments that were challenged on the ground they violated the statute, Sec. 918.09, Florida Statutes 1955, and F.S.A., inhibiting mention of a defendant's failure to take the witness stand, for instance, in Clinton v. State, 56 Fla. 57, 47 So. 389, and in the recent decision in Trafficante v. State, Fla., 92 So.2d 811.
In the present case a slightly different question is posed because of the law with reference to a presumption that presents itself when a person is found in possession of goods recently stolen and does not explain his possession.
Often the line of demarkation between proper comment upon matters proved, and not refuted, and conflicts apparent in testimony on one hand, and references to failure of contradiction of the evidence of the State, supporting material elements of the charge, that amount to observations on the absence of a denial from a defendant himself, on the other hand, is most indistinct.
Here we are confronted with the obligation of securing to the defendant the protection of the statute which reads: "nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf * * *" while recognizing the rule with reference to the explanation of a person possessing goods lately stolen who subsequently faces prosecution for having the property.
It would appear at a glance that although the defendant has the opportunity to explain, the prosecutor should not mention his failure to seize it. Upon scrutiny, however, the problem is more real than apparent.
As long ago as 1885, in Tilly v. State, 21 Fla. 242, this court said that the exclusive possession of stolen property recently stolen was sufficient to put upon the defendant the burden of explaining how he obtained it and upon his failure to do that "`to warrant the jury in convicting him of larceny.'" In that case the defendant offered no testimony and the unexplained possession was held sufficient to support the verdict of guilty. Also, conviction may rest upon possession alone if the jury disbelieves the defendant's story about how he came to possess recently stolen property. Bargesser v. State, 95 Fla. 401, 116 So. 11.
No presumption of law arises from lack of explanation in such cases, Kilcrease v. State, 96 Fla. 264, 117 So. 862, but the failure to explain is a circumstance from which an inference of guilt may be delivered when considered with the other facts of the case, Bargesser v. State, supra, although, as appears from the opinion in Tilly v. State, supra, the possession unexplained may justify conviction in the absence of any other circumstances.
In Ferguson v. State, 157 Fla. 324, 25 So.2d 799, a conviction was upheld largely because the explanation by the defendant appeared flimsy in view of the other circumstances of the case. The explanation was given by the accused to a deputy sheriff but the defendant did not testify.
From the cases cited and others we have consulted, we are convinced the rule is firmly established that if a person is found to possess property recently stolen and gives a credible account of how he came by it, the State assumes the burden of proving it untrue, but the jury in the exercise of their prerogative to determine credibility may convict on proof of possession despite the lack of testimony directly disproving the explanation. The account to avail the defendant must be either credible or one that would raise in the minds of the jury a reasonable doubt of defendant's guilt.
But we are immediately concerned not so much with the character of the explanation, or the absence of one in the *41 present case, as with the remarks of the prosecutor which we have already quoted and our decision depends on a determination of the time when such an explanation should be given, that is, should it be judged by its relationship with the theft or with the trial.
It is fairly deducible from the solicitor's remarks that he considered such an explanation should have been forthcoming during the trial and this position does not correspond with our understanding of the rule.
He told the jury that a "burden" was put upon a person possessing such stolen property to give a reasonable explanation and then stated, as will be seen from the italicized part of his quoted remarks, that it "is" undenied that the appellant moved the stolen property; that the "burden" had shifted to the defendant to offer a reasonable explanation and that none "has been forthcoming." We do not think the law was properly stated and we have the view that by the statement there was a reference to the failure of the appellant to testify. Way v. State, Fla., 67 So.2d 321.
In McDonald v. State, 56 Fla. 74, 47 So. 485, Fisk v. State, 138 Fla. 815, 190 So. 10, in the other cases cited in this opinion, and in the many we have examined the word "recently", relating to the theft appears, or it is said that the account by one discovered with purloined property must be "directly" given in order for the explanation to be one falling within the rule. Of course, the meaning of the word "recent" is variable according to the circumstances, as was said by this court in Cone v. State, Fla., 69 So.2d 175, but the fact remains that the theft is the important factor as distinguished from the trial itself. Coupled with this is the period of discovery, or apprehension, for then is the possessor given the opportunity to explain his connection with the property.
The latter aspect was discussed by the Supreme Court of Mississippi in language we approve: "* * * the explanation * * * is generally that given by the accused, if any, when he is first under a duty to speak after such recently stolen property is discovered in his possession, and giving or failing to give a reasonable explanation in that regard is not to be determined by the testimony offered by the accused upon the trial, when there has been a previous opportunity afforded him to give an account of such possession consistent with innocence, and he has attempted to explain or refused to do so." Crowell v. State, 195 Miss. 427, 15 So.2d 508, 512.
As we construe the prosecutor's comment there was an actual burden on the appellant to make a reasonable explanation. We do not so understand. He could have explained his possession at the appropriate time but he was not required to, and he did not. Moreover the prosecutor said it was undenied that the appellant moved the stolen goods and a reasonable explanation had not been given. In view of the fact that the appellant had not taken the stand this was in effect a reminder to the jury that he had not done so.
It is fundamental that there was no burden on the appellant to explain at the trial. To refer to the explanation as one a defendant is obligated to offer at a trial distorts the principle encompassed in the rule. An innocent person caught with pilfered merchandise would likely react immediately, "directly" according to some of the decisions, by proclaiming his innocence and giving reasons establishing it. As was written in State v. Hodge, 50 N.H. 510, cited with approval in Tilly v. State, supra, "`[t]he force of this presumption [with reference to possession of property lately stolen] depends upon the consideration that the prisoner who can account for his possession of the goods, will, if that possession be an honest one, give a satisfactory account of it.'" 2 Stark.Ev. 449. "`Its foundation is the obvious consideration that, if *42 the possession has been lawfully acquired, the party would be able, at least shortly after its acquisition, to give an account of the manner in which such possession was obtained.'" A guilty person might concoct a likely tale in preparation for possible detection but, specious or sincere, its genuineness is to be determined by the jury. Comment with reference to the explanation must be restricted to the time it was made unless, of course, the defendant himself elects to give an explanation from the witness stand. If he chooses not to do this, remarks that may be construed as drawing attention to his failure to become a witness are forbidden.
We conclude that the solicitor's argument constituted reversible error. Gordon v. State, Fla., 104 So.2d 524; McLendon v. State, Fla.App., 105 So.2d 513; Way v. State, supra.
Reversed.
TERRELL, C.J., and HOBSON, ROBERTS and DREW, JJ., concur.