158 So.2d 785 (1963)
Benny John BORGHESE, a/k/a Robert B. Ludman, Appellant,
v.
STATE of Florida, Appellee.
No. 63-275.
District Court of Appeal of Florida. Third District.
December 20, 1963.
Harvey J. St. Jean, Miami Beach, for appellant.
Richard W. Ervin, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
The appellant was tried and convicted of the offense of larceny of an automobile and appeals from the judgment and sentence.
The automobile in question was discovered parked in front of the appellant's home approximately 103 days after its alleged theft on October 19, 1962. Testimony was received at the non-jury trial that the appellant had commenced negotiations for the sale of the automobile to a third party sometime in January, 1963 and the sale was completed on February 1, 1963 when the appellant gave the purchaser a fake title certificate and bill of sale. The appellant admitted that he signed the name Robert B. Ludman to both documents and that his signature on the title certificate had been notarized.
*786 We find that the law is well-settled that the unexplained or unsatisfactorily explained possession of recently stolen property may be sufficient to sustain a verdict of guilty upon a charge of larceny. The reasonableness of the accused's explanation of his possession of recently stolen property, when he is charged with its theft, is a question of fact to be considered by the jury, or judge in a non-jury trial, in connection with all other facts and circumstances submitted in the trial of the case.[1]
We have carefully reviewed the testimony and find that it supports the judgment and sentence. No reversible error having been made to appear, the judgment is hereby affirmed.
Affirmed.
NOTES
[1] See Cone v. State, Fla. 1953, 69 So.2d 175; Bargesser v. State, 95 Fla. 401, 116 So. 11; Tucker v. State, 86 Fla. 36, 96 So. 10.