CHARLES CARROLL, Chief Judge.
The appellant was convicted on ten counts of an information charging forgery, for which concurrent sentences were imposed.. She seeks reversal on three grounds.
Appellant’s first contention is that the court committed error by permitting use of samples of her handwriting for comparison with the disputed handwritings, on the basis of evidence presented as to the genuineness of the samples, because their genuineness had not been admitted by the defendant and because the samples were not a part of the pleadings and were not in evidence for some other purpose. In support thereof the appellant relies on Brantley v. State, 84 Fla. 649, 94 So. 678; Thompson v. Freeman, 111 Fla. 433, 149 So. 740; and Chemical Corn Exchange Bank & Trust Co. v. Frankel, Fla.App.1959, 111 So.2d 99, 72 A.L.R.2d 1270.
In modification of the common law rule against such comparison of writings or sig *697 natures, the legislature enacted an enabling statute (Laws of Florida 1861, Ch. 1096, § 55, which as carried forward now appears as § 92.38 Fla.Stat, F.S.A.), reading as follows:
“Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine, shall be permitted to be made by the witnesses; and such writings, and the evidence of witnesses respecting the same, may be submitted to the jury, or to the court in case of a trial by the court, as evidence of the genuineness, or otherwise, of the writing in dispute.”
In order to give effect to the statute, and at the same time give due recognition and effect to those prior decisions, we consider the rule relating to comparison of a disputed writing with a writing offered as a standard for comparison, to be that the statutory requirement that genuineness of a sample offered for comparison must be “proved to the satisfaction of the judge” can be met by evidentiary proof presented to the judge, or by admission of its genuineness by the parties in the pleadings or before the court, or when it is in evidence before the court in the case for some other purpose.
Accordingly, we reject as unsound the appellant’s contention that the genuineness of a sample writing intended for use as a standard for comparison with a disputed writing involved in the case can not be established by evidence presented to the judge. To so hold would be contrary to the statute and would detract materially from its usefulness.
In this case the appellant was charged with having forged customer return cash vouchers with intent to injure and defraud a named department store. The sample writings submitted by the state for use as standards of comparison to prove that the disputed writings (cash return vouchers) were made by the defendant, consisted of a written application submitted to the store by the defendant in 1960 in seeking employment, and a number of arrest reports made by the defendant in 1964 while she was employed as a police officer. Prior to the use of those standards by witnesses for comparison with the disputed writings, evidence was duly submitted regarding their genuineness, on the basis of which the court overruled objection thereto and permitted their use as standards for comparison. On examining the record we find no reason to disturb that ruling of the trial judge. See Annot. 41 A.L.R.2d 575.
We have considered the remaining contentions of the appellant in the light of the record and briefs and find them to be without merit.
No reversible error having been made to appear, the judgment appealed from is affirmed.
Affirmed.