PER CURIAM.
These consolidated appeals are from judgments rendered against the appellant, and sentences imposed thereon, after jury trial on separate charges of uttering forged instruments. Appellant contends the trial court committed error (1) “in permitting the handwriting expert to testify that defendant endorsed the five checks based upon the former’s comparisons of photostatic copies of standards with the questioned endorsements on the checks,” and (2) “in failing to suppress Officer Selvaggi’s testimony regarding the said stereo where said testimony was based on an unlawful search.” On consideration of those contentions in the light of the record and briefs, we find them to be without merit.
The handwriting expert had made a report, prior to trial, based on comparison of the disputed instruments with Xeroxed copies of certain signature standards. It was disclosed that prior to testifying he compared the latter with the original standards, with reference to their conformity. The original standards were accepted in evidence by the court, and were available to the witness when he testified. The record reveals that the comparison testimony was received in compliance with the requirements of § 92.38 Fla.Stat., F.S.A. See Barron v. State, Fla.App.1968, 207 So.2d 696, and cases cited there.
Regarding the appellant’s second contention, it appears that as the appellant was being arrested at the entrance of his residence, the officers entered at appellant’s invitation. They had the description of a stereo which had been purchased with one of the allegedly forged checks. While in the defendant’s living room the officers observed such stereo, and determined that its number corresponded to the number of the one which had been so purchased. The admission of testimony to the above effect, relating to the stereo, did not constitute reversible error. See Webster v. State, Fla.App.1967, 201 So.2d 789. The cases of Talavera v. State, Fla.App.1966, 186 So.2d 811 and O’Neil v. State, Fla.App. 1967, 194 So.2d 40, cited by the defendant on this point are not controlling. In Tala-vera there was no arrest to which a search could be incidental, and the officers were not on the premises by invitation. In O’Neil, an arrest at the door of defendant’s hotel room was planned by the officers as a means of gaining entrance for the purpose of searching his room for evidence of a crime unrelated to that for which they held a warrant for his arrest. See also Prather v. State, Fla.App.1966, 182 So.2d 273.
Affirmed.