221 So.2d 159 (1969)
Troy C. BURROUGHS, Appellant,
v.
STATE of Florida, Appellee.
No. 68-507.
District Court of Appeal of Florida. Second District.
April 9, 1969.
*160 Lee Roy Horton, Jr., Public Defender, Lake Wales, and Michael J. Minerva, Special Asst. Public Defender, Bartow, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
McNULTY, Judge.
The appellant directly appeals his conviction for auto theft. He raises two points on appeal, the first of which relates to a jury instruction on the presumption of larceny from unexplained possession of recently stolen property. The arguments advanced and questions raised under this first point have been recently laid to rest by our Supreme Court in State v. Young,[1] in which the Court resolved these questions adversely to appellant's position. Therefore, his first point is without merit.
The second point on appeal challenges the sufficiency of the evidence to support a conviction. The sole evidence of appellant's guilt consists of his possession of a stolen automobile, and the circumstances under which he was found in such possession, when he was arrested some four to six weeks after the theft. He argues initially, that the presumption arising from unexplained possession of recently stolen property, standing alone, cannot support a finding of larceny against the possessor. He's wrong. It is well settled in this state, as it was at common law, that such a presumption, standing alone, is sufficient;[2] and this principle was reaffirmed in Young, supra.
Secondly, appellant suggests that the foregoing presumption loses strength with the passage of time, and that after four to six weeks following the theft, as in this case, it cannot be said that the property was "recently stolen" so as to give *161 the presumption any probative force whatsoever. We reject this contention also.
While we are unable to find a Florida case directly passing on all phases of this question,[3] we have found persuasive authority in other jurisdictions on the principles involved.[4] It seems well established in those jurisdictions that "recently", in the context of the presumption under discussion, is not necessarily measured by the mere passage of time. Much depends upon the nature or identity of the property stolen. That is to say, its character as being negotiable or readily transferable; the ease with which it can be traced or detected as stolen property; the utility value to the thief (ready transportation, for example, as in this case); and any other factors or characteristics of such property which may operate for or against lengthy retention by the thief.
Automobiles, particularly in Florida, are cumbersome to transfer and difficult to conceal whether stolen or not. Strict legislation controls the marketing thereof, and identification criteria are readily available by recording and registration procedures. Certainly, a jury of ordinary people of affairs can be presumed to know, by common experiences, the intricacies of buying and selling automobiles; and would have a right to call upon their experiences in this regard in evaluating the significance of the time element involved in the presumption with which we are here concerned. In the final analysis, then, except in extreme cases, it is a jury question, whether the subject of the larceny involved was "recently" stolen when such a fact is needed as a predicate for the presumption.
In further considering whether the evidence was sufficient to support a conviction in this case, and in addition to the naked presumption of fact we have just discussed, the circumstances under which the accused is found in possession and his acts and conduct upon discovery, as they may be relevant to the creation of suspicion, are also important considerations tending' to corroborate that part of the presumption which assumes the possessor to be the thief instead of one in innocent ex post facto possession. Here, for example, the evidence disclosed that the license tag on the stolen automobile had been stolen from still another automobile, and that the defendant, at the time of his arrest, gave false identification to the arresting officer. While these circumstances are perhaps also consistent with guilt, or a consciousness of guilt, of a crime other than the larceny of the automobile in question, they nevertheless are reasonably susceptible of a suspicion tending to support the aforesaid presumption if the property is otherwise shown to have been recently stolen.
In this frame of reference, such circumstantial evidence need not absolutely exclude every reasonable hypothesis save guilt, and, in this respect, is an exception to the general rule that circumstantial evidence cannot be used against an accused unless it points to guilt to the exclusion of innocence. If a single set of circumstances alone exists from which guilt, or a necessary element of the offense charged may be inferred, then the general rule applies. This is so because in either such case it must exclude all reasonable doubt as to the existence of such fact. But when guilt or a necessary element of the charge is otherwise shown, then additional circumstantial evidence tending to corroborate such proof need not be so strong: and a *162 jury may give such additional circumstantial evidence the construction appearing to them to be more plausible or likely insofar as it may bear on the reasonableness of a doubt, or of a lack of one, concerning matters which it tends to corroborate. Here, evidence of the larceny is presumptive and consists, as aforesaid, of being found in possession of property recently stolen. The circumstances involved in being found in such possession, therefore, are not relevant to directly establish either the larceny itself or an essential element thereof; but they may bear on the reasonableness of a doubt, or of the lack of doubt, which might otherwise result from the effect of the presumption on the minds of the jury. We think the jury has a right in such cases to evaluate a given set of circumstances, and may choose between the most plausible or likely of two or more explanations deducible therefrom whether they exclude every other reasonable hypothesis or not.
It cannot be said, either, that such use of circumstantial evidence in a case like the one before us would be heaping one inference upon another. The ultimate fact of larceny may be presumed, in the first instance, from the aforesaid possession alone, as we've said. Therefore, any inferences to be drawn from the circumstances under which such possession is discovered would relate to the persuasiveness of the presumption, and would not be a predicate from which the presumption itself would arise.
The arguments presented by appellant being unsustainable, therefore, the conviction is accordingly
Affirmed.
MANN, J., concurs specially.
PIERCE, A.C.J., dissents.
MANN, Judge (concurring specially).
I concur with reluctance on authority of State v. Young, supra. I hope that my brother McNULTY'S assumption that our Supreme Court has laid this matter to rest is soon incorrect. Of course the possession of recently stolen property may support an inference of guilt, but the charge about unexplained possession has been, in my judgment, wrong from the beginning and that error is only emphasized by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). Mr. Justice Thornal's dissent in Young, in which Justices Drew and Ervin joined, is so sound that it remains my hope that our Supreme Court, with three new justices, will recede from Young. It is possession, not the absence of explanation, which supports the inference. The inference of guilt may be supported by explained possession as well. See Knight v. State, Fla.App. 1968, 217 So.2d 124.
NOTES
[1] (Fla. 1968), 217 So.2d 567.
[2] Bargesser v. State (1928), 95 Fla. 401, 116 So. 11; Tucker v. State (1923), 86 Fla. 36, 96 So. 10; and Leslie v. State (1895), 35 Fla. 171, 17 So. 555.
[3] But see dictum in Cone v. State (Fla. 1953), 69 So.2d 175, and Williams v. State (1898), 40 Fla. 480, 25 So. 143. Also while the point is not discussed therein, a conviction of auto theft based on the presumption was upheld after 103 days in Borghese v. State (Fla.App.3d 1963), 158 So.2d 785.
[4] See, e.g. State v. Brightman (1961), 252 Iowa 1278, 110 N.W.2d 315; and People v. Pride (1959), 16 Ill.2d 82, 156 N.E.2d 551.