ROBERTS, Acting Chief Justice:
By conflict certiorari we review the decision of the District Court of Appeal, Second District, which reversed and remanded for new trial the conviction of respondent, Robert Carpenter, for the theft of an automobile, relying on the opinion in Young v. State, 203 So.2d 650, by the District Court of Appeal, Fourth District. This court in State v. Young, 217 So.2d 567, quashed the Young decision relied on by the District Court in the case sub ju-dice. The decision here under review is in conflict with Ard v. State, Fla., 108 So.2d 38, and the decision of this court in State v. Young, supra, and we therefore have jurisdiction.
Respondent was convicted and sentenced in the Circuit Court of Pinellas County for the theft of an automobile. Over the objection of the defendant, the trial court charged the jury:—
“I charge you further that under the law of this state when any person is found in exclusive possession of recently stolen property, the jury may infer from the fact of this possession that such person stole the goods unless such person directly gives a reasonable and credible account of how he came into such possession, or gives such an account as raises a reasonable doubt in the minds of the jury. If the defendant does give a reasonable and credible account of how he came into possession of stolen goods, it then becomes the duty of the State to prove such account untrue; however, the account given by the defendant as to how he came into possession of stolen goods must be both reasonable and credible; that is, worthy of belief or sufficient to raise a reasonable doubt in the minds of the jury.”
On appeal the District Court held that the conviction was free of error except for the charge aforementioned given by the trial judge, and in reversing the case for a new trial said:—
“Prior to this court’s rulings in Gamble v. State, 210 So.2d 238 (1968); and Urquhart v. State, 211 So.2d 79 (1968) the court below declined to follow the Fourth District Court of Appeal’s decision in Young v. State, 203 So.2d 650 (1967). Our adoption of the Young ruling makes necessary a new trial for Carpenter without the seriously objectionable charge which in effect requires the defendant to testify against himself to avoid the jury’s inference of larceny from the unexplained possession of recently stolen property. This case is not distinguishable, as the state suggests, because the defendant did answer some questions put to him by the arresting officers. The jury may draw inferences from possession as it may from other circumstantial evidence, but not from unexplained possession.
“The record is otherwise free from error.
“Reversed and remanded for a new trial.”
The District Court decision in Young v. State, 203 So.2d 650 relied on for reversal by the District Court in this case was later reviewed here and the decision quashed. See State v. Young, Fla., 217 So.2d 567. In so holding, this court said:—
“It suffices to say that we find nothing in the Miranda footnote that appears *196 to be intended to prohibit a jury instruction as to the inferences that the jury may draw from circumstances in evidence before it. The rule of evidence in question has come down to us from the common law, has stood the test of long experience in state and federal courts in this country, and serves a useful, if not vital, function in prosecutions for larceny and burglary. The role of the Fifth Amendment in guaranteeing an individual’s right to remain silent has come a long way since its origin as ‘a protest against the inquisitorial and manifestly unjust methods of interrogating accused persons * * *’ Miranda, supra, 86 S. Ct. at page 1611. And it may be that, by some legerdemain that we cannot now conceive of, the United States Supreme Court will in the future find that an individual’s right to remain silent has been invaded by a jury instruction concerning the inferences that may be drawn by the jury from circumstantial evidence, such as the unexplained possession of recently stolen goods — or even by an instruction based on an unrebutted presumption of law mandated by statute or evidentiary rule. But we think that such an extension of the Fifth Amendment would be, as it should be, made by the court only in a case in which the facts justify the use of such a jury instruction so that the court may delineate the ‘procedural safeguards’ (as it did in Miranda), or a re-phrasing of the instruction, that might permit its use in a proper case. Until then, it is our view that state courts should continue to adhere to the long established evidentiary rule in question.”
It is our view that this case is controlled by the decision of this court in State v. Young, 217 So.2d 567, and the decision of the District is
Quashed, with directions to affirm the judgment of the trial court.
It is so ordered.
ADKINS and BOYD, JJ., and SPEC-TOR, District Judge, concur.
DREW, J., concurs specially with opinion. _