402 So.2d 1337 (1981)
R.A.L., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1526.
District Court of Appeal of Florida, Third District.
September 1, 1981.
Rehearing Denied September 28, 1981.
Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen. and Joseph Corey, Legal Intern, for appellee.
Before BARKDULL, SCHWARTZ and FERGUSON, JJ.
SCHWARTZ, Judge.
The adjudication of delinquency under review is reversed with directions to discharge the appellant. Just as in A.R. v. State, 393 So.2d 1174 (Fla.3d DCA 1981), the respondent's unrefuted, exculpatory, and not unreasonable explanation of his possession of a stolen moped  that he bought it at a flea market  rendered the state's case, which was based solely on the inference provided by Section 812.022(2), Florida Statutes (1979),[1] without any additional incriminating circumstances, insufficient as a matter of law to establish guilt. Fisk v. State, 138 Fla. 815, 190 So. 10 (1939); A.R. v. State, supra, and cases cited; Schectman v. State, 220 So.2d 657 (Fla.3d DCA 1969); see State v. Young, 217 So.2d 567 (Fla. 1968), cert. denied, 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 (1969); compare Burroughs v. State, 221 So.2d 159 (Fla.2d DCA 1969); Borghese v. State, 158 So.2d 785 (Fla.3d DCA 1963).
Reversed.
NOTES
[1] (2) Proof of possession of property recently stolen, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen. [e.s.]