WALKER, Presiding Justice, for the Court:
Lucious McCormick was convicted of uttering forgery and sentenced to a term of ten years with the Mississippi Department of Corrections. McCormick was tried January 12, 1983 in the Circuit Court of Pearl River County, Mississippi. He appeals from his conviction.
McCormick was accused of having written and cashed a $30.00 check on the bank account of Jerry and Aslean Courtney. McCormick is alleged to have signed Jerry Courtney’s name to the check which was dated July 6, 1979.
McCormick is the nephew of Aslean Courtney and, according to Jerry Courtney, had access to a packet of twenty-five blank checks which were discovered to be missing prior to the check forgery.
Jerry Courtney testified that he recognized the handwriting on the cheek as that *765 of McCormick. He based his opinion on handwriting he had seen in letters supposedly written by McCormick to his mother, Courtney’s sister-in-law.
Courtney turned the check and letters over to Ulmer Lumpkin then deputy sheriff with the Pearl River County Sheriffs office. Lumpkin stated that the check arid letters were taken to the Mississippi Crime Laboratory for comparison. Lumpkin retired from the sheriffs department April 30, 1980. He testified he did not know where the original documents were.
Frank Hicks, an examiner of questioned documents with the state crime lab, testified that in his opinion the person who wrote the letters and the person who prepared the face of the original check was the same person. When asked where the documents were now, Hicks said that the originals had been picked up by Larry Davis at 12:35 p.m. on July 28, 1981. Neither Davis nor anyone else was called to testify as to the whereabouts of the original check or letters since July 28, 1981.
Neither the original of the check nor the letters used as a handwriting sample were presented at the trial. A photocopy of the check was entered into evidence over the objection of McCormick’s attorney. The circumstances under which the photocopy was made are not in the record of this case. No copies of the letters were offered into evidence.
McCormick on appeal assigns the following error:
THE TRIAL COURT ERRED IN ALLOWING TESTIMONY REGARDING THE COMPARISON OF THE PURPORTEDLY FORGED CHECK AND ALLEGED KNOWN WRITING PRIOR TO IDENTIFICATION AND ADMISSION OF BOTH DOCUMENTS INTO EVIDENCE.
The general rule has been stated in 23 C.J.S. § 863 Criminal Law, p. 404:
In testifying as to identity, similarity or difference in respect of handwriting in different documents or signatures, a qualified expert witness may make a comparison of the writings and base his opinion thereon, provided the genuine writing used as a standard of comparison is properly in evidence before the court_ It is held that only the testimony of experts will be received as to the genuineness of a writing based on an opinion derived solely from a comparison, distinguished from an opinion based on personal acquaintance and corroborated or tested by comparison. (Emphasis added).
In Thompson v. Freeman, 111 Fla. 433, 149 So. 740, 743 (1933) the Court wrote:
We approve the rule stated in the case just cited [Hynes v. McDermott, 82 N.Y. 41, 37 Am.Rep. 538] that an expert in handwriting, when speaking as a witness only from a comparison of handwriting, that is, with two or more pieces of it in juxtaposition under his eye, should have before him in court the writing to which he testifies and the writings from which he testifies, else there can be no intelligent examination of him either in chief or in cross, nor can there be fair means of meeting his testimony by that of other witnesses.
This conclusion is supported by the cross-examination of Frank Hicks during which the following testimony was recorded:
Q. So if I wanted to cross examine you and ask you how you arrived at those similarities, I couldn’t; could I?
A. Well, I’m sure you could, but I don’t have the letters.
Q. But you don’t have any way to tell me?
A. To tell you what?
Q. Tell me how you arrived at your conclusions.
A. Yes, I could tell you how I arrived at my conclusions. I could not point out the characteristics seen in the letters.
Q. You can’t point out any specific instances or similarities [sic] or anything else if you don’t have any copies?
A. That’s correct.
It is evident that the testimony of Frank Hicks and Jerry Courtney as to com *766 parison of the handwriting should not have been admitted without the introduction of the letters upon which their conclusions were based.
Even if the letters or copies of the letters had been introduced, the genuineness of the letters was not established. To warrant their use as a standard of comparison the genuineness of the letters must be proved. See 22A C.J.S. Criminal Law § 715.
In Brantley v. State, 84 Fla. 649, 94 So. 678, 679 (1922), the Court said:
The “writing” offered and received in evidence in this case as a standard for comparison is shown to be genuine by nothing more than the fact that it is a communication bearing the signature of the accused, received through the mail by the person to whom it was addressed. It does not purport to be, and no proof was offered to show that it was, in response to a communication received by the alleged writer. The finding that the written threat was the act of the accused has nothing more to support it than the opinion of the jury that it is in the same handwriting as the communication to King, which bears defendant’s signature. But there is no proof that this communication was the “writing” of the defendant. It probably was, but probability of guilt or inconclusive circumstances equally consistent with some other hypothesis than the guilt of the accused are not sufficient basis for a conviction of crime.
The genuineness of the standard for comparison is not sufficiently proved to warrant a conviction.
In the present case there is neither a “writing” nor evidence of the genuineness of the standard for comparison. Because of this obvious reversible error it is unnecessary to address the remaining assignments.
The judgment of conviction and sentence of ten years with the Mississippi Department of Corrections are vacated, and this cause is remanded for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.