HUBBART, Judge,
dissenting.
I must respectfully dissent. I would affirm the adjudication of delinquency under review.
The juvenile herein was apprehended by the police while driving the stolen moped in question within a week after it had been stolen. This uncontradict-ed evidence of possession of recently stolen property was sufficient to sustain a delinquency adjudication for the theft of the moped unless the juvenile could give a satisfactory explanation for his being in possession of the moped. § 812.022(2), Fla. Stat. (1983). The law is well settled that the reasonableness of such an explanation is ordinarily a question of fact for the jury to determine, or the judge in a non-jury trial, together with all the other facts and circumstances in the case. Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981); Borghese v. State, 158 So.2d 785 (Fla. 3d DCA 1963); see Tavalaccio v. State, 59 So.2d 247, 248-49 (Fla.1952).
I think the trial court was more than justified in rejecting as unworthy of belief the juvenile’s explanation herein that a friend identified only as “Tim” gave him the moped in question earlier that day. The juvenile did not know the friend’s last name or where the friend lived. The arresting officer unsuccessfully attempted to locate this friend by proceeding with the juvenile to a nearby park which the juvenile stated the friend frequented; no such “Tim” could be found. The juvenile’s explanation was, therefore, refuted in part by the police investigation herein. Beyond that, the explanation itself was inherently suspect; surely, people do not ordinarily receive legitimate gifts of relatively expensive personal property, such as a moped, from such vaguely described, casual acquaintances as stated by the juvenile herein. At the very least, I think the trial court could reasonably reach this conclusion. Contrary to this court’s analysis, then, I think the juvenile’s explanation herein was both refuted and unreasonable.
I recognize that there is prior decisional law which requires the trial court in a theft case to accept as true an accused’s explanation for his being in possession of stolen property where, unlike this case, the explanation is both reasonable and unrefuted. See, e.g., R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984); R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981). We stretch those cases to the breaking point, however, when we allow threadbare stories like the present one to defeat an otherwise valid prosecution for theft.
I would affirm.