HANNAH YOUNG, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The qualification of an instruction asked is error if thereby the force of the instruction is essentially changed, unless the instruction is not pertinent, or unless the change merely states the law to cover the case more fully.

2. It is error to charge the jury that the law presumes a party guilty of larceny if a joint possession is unexplained, the presumption being one of fact, not of law, and the presumption is to be considered by the jury in connection with other facts and circumstances before them.

Writ of error to the Circuit Court for Leon county.

The facts of the case are stated in the opinion.

*John W. Mitchell* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

The indictment in this case was a joint one against plaintiff in error and her sister, Mattie Young, for larceny, charging them with the stealing of certain articles of property belonging to J. A. Henderson. On arraignment the latter pleaded guilty, the former not guilty, but on trial was convicted. A motion was made in her behalf for a

new trial, which was denied, and, thereupon, the case as to her, has been brought to this court.

The motion, besides the usual grounds, was based on the refusal of the court to give the following instruction asked for plaintiff in error, except with the qualification added thereto:

"In an indictment for larceny one cannot be convicted as a principal unless actually or constructively present at the taking and carrying away of the goods. Previous consent to or procurement of the caption and asportation will not make one a principal, nor will subsequent reception of the thing stolen, or the aiding and concealing or disposing of it have that effect." The court qualified the instruction thus: "But if the goods are found in the joint possession of defendants and she has failed to make satisfactory explanation of her possession, then the law presumes her to be the thief, and you may presume her present at the taking and carrying away," and, as thus qualified, gave it.

The plaintiff in error assigns for error this qualification of the instruction, and the refusal of the court to grant a new trial.

The instruction proposed was correct. 1 Whar. Cr. L., sec. 927 ; State vs. Hardin, 2 Dev. & Bat., 407. A question arises, therefore, whether the qualification was properly added, and this is to be considered with reference to the rulings of this court as to the propriety of any qualification of an instruction asked at the trial, as well as with reference to the correctness of the qualification, if one can be allowed. In P. & A. R. R. Company vs. Atkinson, 20 Fla., 450, the court held that under the statute the qualification of an instruction was equivalent to refusing it, and that, "this would have been error if the alteration had es-

essentially changed the force of the instruction asked for, and if the instruction had been pertinent;" but in that case the change was held not to be error, because, as we understand the opinion, the instruction itself was not pertinent to the facts. In Evans vs. Given, 22 Fla., 476, the court held in effect that the adding of the qualification in that case was not a denial of the instruction requested, but was merely stating the law to cover the case at bar. At first view, there would seem to be a conflict on this subject between the two cases, but on consideration of the body of the opinions, we think it will appear that the conflict is not real. In both, the court refused to treat the qualification as in itself erroneous, independent of the matter of the instruction; and the difference in the statement of the rule doubtless arose from the difference in the phases of the case through which the question was presented—the court in each instance announcing the rule to suit the case before it. We think they can be reconciled by stating the rule, as deduced from both combined, to be that the qualification of an instruction is error if thereby the force of the instruction is essentially changed, unless the instruction is not pertinent, or unless the change merely states the law to cover the case more fully.

Under this rule, we are to consider whether the qualification complained of by plaintiff in error was erroneous. The instruction asked for was, in itself, as we have said, correct; but we can see that the case was one in which the Judge would feel prompted to add something to bring that instruction within the full case before him. Two persons had been indicted. One having pleaded guilty, and the evidence as to the other, who is plaintiff in error, having shown that soon after the theft they had gone together some twenty-five or thirty miles from the place of the theft,

and that in a room which they occupied together, a week after were found some of the articles stolen, the others recovered being in other rooms of the same house, which belonged to kins-people of theirs, it was but reasonable that an explanation of the seeming joint possession of the arti- cles should suggest itself to the mind of the court as ne- cessary. The instruction was evidently qualified on that account. But we think the qualification exceeded the limits of the law. There was testimony intended to ex- plain how the articles came to be where they were found, which, if true, exonerated plaintiff in error from complic- ity in the theft. That testimony threw the whole burden of the offence on Mattie Young, and was also to the effect that plaintiff in error was elsewhere when the theft was committed, and not participating in it. The jury may not have believed this, but under the qualification of the in- struction, that was not left to their judgment. If the law, as was said, presumed her to be the thief, if there was joint possession, and absence of satisfactory explanation of the possession, and thence that the jury might presume her present at the taking and carrying away of the goods, the province of the jury as to the latter fact, was restricted to the presumption, independent of any fact or circumstances, that might lead to a different conclusion. That, we think, was wrong. Even if the law presumes guilt from unex- plained recent possession, which we think is against the weight of authority, that does not authorize the court to re- lieve the jury from their duty as to the fact. A presump- tion of law is conclusive, and leaves nothing to the jury; while a presumption of fact may be rebutted by facts and circumstances adequate to the purpose. Hence the rule that the possession of goods recently stolen is *prima fa- cie* evidence of guilt, which if unexplained may justify the

jury in a verdict of guilt, is one which comes under the class of presumptions of fact, not of law, but which the law authorizes the jury to consider as conclusive, if in their judgment there is nothing in the character of the party or circumstances of the case to lead to a different opinion, or to create a reasonable doubt of guilt.

We content ourselves with simple reference to a few of the authorities which sustain these views. 1 Greenleaf on Evidence, sec. 44 ; 3 Ibid, secs. 31, 33; Wharton's Cr. Ev., sec. 758; State vs. Raymond, 46 Conn., 345; State vs. Hodge, 50 N. H., 510 ; Stokes vs. State, 58 Miss., 677 ; State vs. Smith, 2 Iredell, 402 ; Bryant vs. State, 16 Tex., 144; McCoy vs. State, 44 Tex., 616; Hall vs. State, 8 Ind., 439. The doctrine of these cases is of special force in this State, because in harmony with the statute which confines the court in its charge to the jury to the law of the case, by which is meant that conclusions of fact are left exclusively to the jury. But this does not prevent the court from stating what the law authorizes the jury to presume, as to fact, if not put in a way to leave no exercise of judgment for the jury—this being different from charging that the law itself presumes the fact.

In this case the presumption, whether of law or fact, stretches beyond the proper line. To say that guilt was to be presumed from unexplained joint possession, and further that the jury might presume the party present at the taking and carrying away of the goods, was to take from the jury any consideration of the testimony as to the whereabouts of plaintiff in error on the night of the theft, and confine their minds to the effect of unexplained possession. We think this clearly erroneous.

It is needless to consider other errors assigned, as plain-

tiff in error will have a new trial for error in the instruction we have discussed. The judgment is reversed, and the case will be remanded.