Collier v. State.—Syllabus.

1. When a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person charged with entering the building with intent to steal, such possession unexplained may be sufficient to warrant a conviction of the crime of entering the building with intent to steal.

2. The guilt of the accused does not follow as a presumption of law from the unexplained possession of the property recently stolen, but the presumption of guilt in such a case is one that the jury may infer as a matter of fact, of which they are the sole judges, to be considered in connection with all the other circumstances in each particular case.

3. When a party who is charged with breaking and entering a building with intent to steal is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted. The account given must be, not only reasonable, but it must be credible or sufficiently so to raise a reasonable doubt in the minds of the jury, who are the judges of its reasonableness and proba-

bility as well as of its credibility. The account given may be reasonable and highly plausible, and yet the jury may not believe a word of it to be true. In the latter case they would have the right to convict upon proof that the building was broken and entered and the evidence furnished by the possession of the stolen goods, even though the State had not put in any proof directly to prove the falsity of the account given.

4. The finding upon a person of property of such peculiar nature and condition that it can be easily and positively identified which was shortly before stolen from a building by breaking and entering may be by the jury taken as evidence of guilt of the breaking and entering the building with intent to steal, and in the absence of a reasonable and credible account of the possession of the property given by the defendant, the jury may find a verdict of guilty of breaking and entering the building with intent to steal.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record for Volusia County.

The facts in the case are stated in the opinion of the court.

*Landis & Fish,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

WHITFIELD, J.—On this writ of error to a judgment of the Criminal Court of Record for Volusia county convicting and sentencing the plaintiff in error to one year in the State penitentiary upon a charge of entering without breaking a warehouse, the property of C. A. Miller, with intent to steal, it is contended that the verdict is contrary to the law and the evidence.

Some of the testimony offered by the State was not properly admissible, but it was not objected to and there

was no motion to strike it. It appears from the testimony that was admissible that about July 2nd, 1907, a warehouse belonging to C. A. Miller was entered and a lead pencil sharpened in a peculiar way with a cartridge on the end for a cap, and a fountain pen taken therefrom; that the next day the lead pencil was found in the pocket of Collier and positively identified, and the fountain pen was found in the shoe of James Day, who was with Collier. The defendant testified that he had been in Quincy, Florida, in June, 1907, and denied entering the building, and testified: "I had a pencil on me when arrested. I had it when at Quincy, at Mrs. Bradley's house as this letter will show." The letter admitted in evidence without objection is as follows:

"Quincy, Fla., July 19, '07.

Mr. John Collier,
    DeLand, Fla.

Yours to hand and will ask you to look over delay in writing for was in Apalachicola playing ball 8 days. John, the only thing that I could positively say and tell the truth is that in Mrs. Bradley's house I saw pencil with cartridge on top of it and could not swear to size of pencil, but can bring reference to my standing and swear to truth of you having a pencil with shell on it in place of rubber. Hoping this is satisfactory, I remain,
                    Yours,          J. O. Pittman."

When a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person charged with entering the building with intent to steal, such possession unexplained may be sufficient to warrant a conviction of the crime of entering the building with intent to steal. Tilly v. State, 21 Fla. 242.; 5 Am. & Eng. Ency. Law (2nd ed.) 62 and authorities cited.

The guilt of the accused does not follow as a pre-

sumption of law from the unexplained possession of the property recently stolen, but the presumption of guilt in such a case is one that the jury may infer as a matter of fact, of which they are the sole judges, to be considered in connection with all the other circumstances in each particular case. Rimes v. State, 36 Fla. 90, 18 South. Rep. 114.

When a party who is found in possession of goods recently stolen directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, then it becomes the duty of the State to prove that such account is untrue, otherwise he should be acquitted. The account given must be, not only reasonable, but it must be credible or enough so to raise a reasonable doubt in the minds of the jury, who are the judges of its reasonableness and probability as well as of its credibility. The account given may be reasonable and highly plausible, and yet the jury may not believe a word of it to be true. In the latter case they would have the right to convict, upon the evidence furnished by the possession of the stolen goods alone, even though the State had not put in any proof directly to prove the falsity of the account given. Leslie v. State, 35 Fla. 171, text 178, 17 South. Rep. 555.

The positive identification of the lead pencil by its peculiar condition so soon after the theft of it from the building, and the finding in the shoe of the person who was with Collier the fountain pen stolen at the same time, are sufficient from which the jury could have inferred guilt of Collier as charged. It was incumbent upon Collier to give a reasonable and credible account of his possession of the stolen property, or such an account as would raise a reasonable doubt of his guilt before the state was required to prove the account given to be untrue. The jury may find the

explanation so improbable, unsatisfactory or unreasonable, upon its face, as to require no affirmative proof of its falsity. Any evidence that tended to show guilt of the theft, tended also to show guilt of entering the building whereby the theft was effected. Commonwealth v. McGorty, 114 Mass. 299.

The value of the pencil was small, but the offense charged was entering the building with intent to steal, and the verdict found the defendant guilty as charged.

The possession of the stolen pencil so soon after its theft from the building, the explanation of its possession given by the defendant and other circumstances were sufficient from which the jury could lawfully find a verdict of guilty as charged, therefore the judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.