185 So.2d 707 (1966)
Jimmie McCLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 6340.
District Court of Appeal of Florida. Second District.
April 20, 1966.
Rehearing Denied May 18, 1966.
*708 Robert E. Jagger, Public Defender, and Robert E. Pyle, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
SHANNON, Acting Chief Judge.
This is an appeal by a defendant from a judgment of guilty of breaking and entering a building other than a dwelling house with intent to commit a misdemeanor, entered upon a jury verdict. Two points are raised on appeal.
Appellant first contends that certain exhibits, being property allegedly stolen from the building entered, should not have been admitted into evidence. Upon an examination of the transcript, we conclude that the evidence was relevant, material and sufficiently identified. See Tavalaccio v. State, Fla. 1952, 59 So.2d 247; Kearson v. State, 1936, 123 Fla. 324, 166 So. 832.
Appellant's second point is that the trial judge erred in giving the following instruction:
"* * * [I]t is the law when a building has been broken and entered without the consent of the owner and personal property is stolen therefrom and the property stolen or some portion thereof is found in the possession of the person charged with the breaking and entering with intent to commit a larceny therein, such possession without a reasonable and plausible explanation of lawful possession of the property or any portion thereof may be sufficient to warrant a verdict of guilty of breaking and entering a building with intent to commit larceny therein, but the guilt of the accused doesn't follow as a presumption of law from the unexplained possession of the property stolen. The presumption of guilt in such a case is one which you may infer as a matter of fact which you, the jury, are the sole judges of, and it is another circumstance which you may consider in connection with all the other facts and circumstances in the case which you believe to be true."
It is contended that this charge violates both the Fifth Amendment to the United States Constitution, and Section 12, Declaration of Rights of the Florida Constitution, F.S.A., which provide in part that:
"No person shall be * * * compelled in any criminal case to be a witness against himself * * *."
This proscription prohibits a person in a criminal case from being compelled to be witness against himself. It does not go so far as to prohibit a jury from considering as circumstantial evidence the possession of stolen property, for which possession the defendant, at a time prior to trial, had offered no explanation.
"* * * The `explanation' of possession thus referred to is that given by the accused when he is first under duty to speak after such recently stolen property *709 is discovered in his possession. There is no burden upon the defendant to take the stand and explain such possession at the trial * * *." Romanello v. State, Fla.App. 1964, 160 So.2d 529, 534, cert. denied 381 U.S. 915, 85 S.Ct. 1541, 14 L.Ed.2d 436.
See Kearson v. State, supra; Collier v. State, 1908, 55 Fla. 7, 45 So. 752. Moreover, this instruction is not construed as a comment on the failure of the accused to testify in his own behalf. Romanello v. State, supra Compare Ard v. State, Fla. 1959, 108 So.2d 38.
Having found no error, we affirm the decision appealed.
Affirmed.
HOBSON, J., and BRUTON, JAMES D., Jr., Associate Judge, concur.