PER CURIAM.
The appellant, Larry Miley, defendant below, was convicted of breaking and entering with intent to commit petit larceny.
The principal subject of this appeal is the following comment made by the Assistant State’s Attorney to the jury:
“Gentlemen, the Court will instruct you that where a person is found in possession of recently stolen property, that in the absence of a reasonable explanation by that person at the time he is found in possession of this recently stolen property, that a Jury would be justified to presume that the defendant stole the property.”
Appellant claims this remark is a violation of his rights under Section 918.09, F.S.A., and is highly prejudicial.
To comment on the failure of the defendant to take the stand, actually or by innuendo, has been held to constitute error in Florida. See Trafficante v. State, Fla. 1957, 92 So.2d 811; Gordon v. State, Fla. 1958, 104 So.2d 524, and McLendon v. State, Fla.App.1958, 105 So.2d 513.
In the instant case, the comment of the state, quoted above, pertained solely to the substance of a jury instruction.
No question is raised as to the correctness of this enunciation of a principle of law, solely, that since the defendant did not take the stand this statement by the solicitor was indirectly calling attention of the jury to such fact.
In the case of Furci v. State, Fla.App. 1959, 113 So.2d 272, the county solicitor made the following comment:
“ ‘Everybody else testified to everything until we got to Detective Hancock when he questioned Furci and he didn’t know anything. That’s the difference, gentle *300 men. It’s clear black and white. And that’s why the State feels, and I am sure you feel, that this man Furci is not in the same position as these other people who have had possession of it. That’s why the State hasn’t charged them, too, because when they were questioned they came forth and gave their testimony, as you heard it. All save the defendant. And that’s the information we had and, to us, and I am sure to you, that constitutes an unexplained possession of recently stolen merchandise. You can’t overcome that.
J "'And then, here is the thing which I don’t want you all to go wrong on the defendant. What has been the defense to unexplained possession? Can you find, in anything the defendant has said, which would give him an explanation for the possession of this property on January 30? Has he explained his possession in ¿any way by his defense? (Italics ours.)”
The Court, in its opinion, further stated:
"It is probable that had the county solicitor stopped in his comment first above quoted we would not. construe such statement as directly or indirectly commenting upon the failure of the defendant to take the stand, but when he followed this with the underscored statement above, we think his comment was not on the failure of the witness to explain when he was questioned concerning his possession of recently stolen merchandise, but on the fact the appellant in the instant case had not taken the stand to explain his possession of the property.”
We do not believe that in the case sub judice the solicitor’s remark had the effect of telling the jury that the defendant had not taken the stand at his trial, since the solicitor was careful to point out that the explanation to be given was of the time the defendant was found in possession of recently stolen property. See also, Romanello v. State, Fla.App.1964, 160 So.2d 529, cert. denied, 168 So.2d 148 (1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1541, 14 L.Ed.2d 436 (1965).
We have not overlooked Point II of the appellant, but find no error in the reception of his statements.
Affirmed.
ALLEN, C. J., HOBSON, J., and OVERTON, BEN F., Associate Judge, concur.