203 So.2d 650 (1967)
Robert E. YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 942.
District Court of Appeal of Florida. Fourth District.
November 14, 1967.
Jack J. Taffer, of Engle & Pollack and Jack J. Taffer, Miami, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Fred T. Gallagher, Asst. Atty. Gen., Vero Beach, for appellee.
CROSS, Judge.
The defendant-appellant, Robert E. Young, by information was charged with the offense of breaking and entering with the intent to commit a felony, tried and convicted by a jury, adjudged guilty by the court with imposition of sentence. It is from this judgment and sentence the defendant appeals.
The primary thrust of defendant's appeal attacks as erroneous the giving of the following jury instruction:
"I further instruct you, that where it is known beyond a reasonable doubt that a building has been entered and property stolen therefrom, and soon thereafter, the property is found in the possession of the persons charged with entering the building with intent to steal, such possession unexplained may warrant the inference that such person not only stole the goods, but that they broke and entered the building with intent to steal." (Emphasis added.)
It is contended that this charge violates both the Fifth and Fourteenth Amendments to the Constitution of the United States and that under the mandate of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the charge is erroneous because a person is no longer under a legal duty to speak after being placed under police custodial interrogation. Therefore if the defendant desires to stand mute and not explain his possession of stolen property by invoking his Fifth Amendment privilege, he cannot become subject to an inference of guilt at the trial.
The basis of the above charge now under attack springs from English common law which alluded to the principle that possession *651 of property recently stolen if not reasonably explained is a circumstance from which the jury might be justified in drawing the inference that the person in possession had stolen the property or had received the property knowing it to have been stolen. Regina v. Langmead, 169 Eng.Reprint 1459.
Cases are legion throughout the United States adhering to this principle. 1 Wharton Criminal Evidence, § 135, and cases cited therein. Federal courts throughout the land have constantly adhered to the same principle and have allowed instructions to the jury not unlike the instruction under attack. Herman v. United States, 5th Cir.1961, 289 F.2d 362; Barfield v. United States, 5th Cir.1956, 229 F.2d 936; Husten v. United States, 8th Cir.1938, 95 F.2d 168; Levi v. United States, 5th Cir.1934, 71 F.2d 353.
Florida has long since aligned itself with the majority veiwpoint and allowed such instructions. These decisions have been bottomed upon the statement that the charge does not violate the Fifth Amendment to the Constitution of the United States and Section 12, Declaration of Rights of the Florida Constitution, F.S.A., which provide in part that:
"No person shall be * * * compelled in any criminal case to be a witness against himself * * *."
Florida courts have held that this proscription prohibits a person in a criminal case from being compelled to be a witness against himself but does not go so far as to prohibit a jury from considering as circumstantial evidence the possession of stolen property for which possession the defendant at a time prior to trial had offered no explanation. See: Miley v. State, Fla. App. 1966, 186 So.2d 299; McClain v. State, Fla.App. 1966, 185 So.2d 707; Romanello v. State, Fla.App. 1964, 160 So.2d 529, (cert. denied 381 U.S. 915, 85 S.Ct. 1541, 14 L.Ed.2d 436); Cameron v. State, Fla. App. 1959, 112 So.2d 864; Ard v. State, Fla. 1959, 108 So.2d 38; Ferguson v. State, 1946, 157 Fla. 324, 25 So.2d 799; Bargesser v. State, 1928, 95 Fla. 401, 116 So. 11; Tilly v. State, 1885, 21 Fla. 242.
It should be noted that the above cited cases were decided prior to the decision of Miranda v. State of Arizona, supra. Our research has failed to reveal any cases decided subsequent to Miranda which deal with the situation with which we find ourselves confronted.
The instruction under attack as given by the trial court was taken from the case of McClain v. State, supra. Under the McClain ruling the said instruction was allowed on the theory that the inference was derived from the failure of the accused to explain his possession of the stolen property. In alluding to the word "explanation" the court stated "`* * * [t]he "explanation" of possession thus referred to is that given by the accused when he is first under duty to speak after such recently stolen property is discovered in his possession.'" (Emphasis added.)
However, in the Miranda case, decided June 13, 1966, the Supreme Court of the United States in a footnote stated:
"* * * In accord with our decision today, it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation. Cf. Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Malloy v. Hogan, 378 U.S. 1, 8, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653, [659] (1964); Comment, 31 U.Chi.L.Rev. 556 (1964); Developments in the Law  Confessions, 79 Harv. L.Rev. 935, 1041-1044 (1966). See also Bram v. United States, 168 U.S. 532, 562, 18 S.Ct. 183, 194, 42 L.Ed. 568, [580] (1897)." (Emphasis added.)
*652 The court defined its expression "custodial interrogation":
"By custodial interrogation, we mean questioning initiated by any law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."
The instruction given to the jury had the effect to demand of the defendant an affirmative explanation for the reason the stolen goods were in his possession. At the same time defendant being in police custodial interrogation within the meaning of Miranda would have had the privilege to remain silent. The privilege to remain silent would be a hollow privilege if that silence would create an inference of guilt at the trial. The fact that the defendant remained silent was used against him at trial in the form of the aforementioned jury instruction in violation of the defendant's Fifth Amendment privilege under the Miranda decision.
We glean from the record that the defendant, after giving the arresting officer the information necessary for preparing the arrest records, affirmatively stated to the officer that he did not want to answer any further questions. The court in Miranda held that if the individual is alone and indicates in any manner that he does not wish to be interrogated the police may not question him. In the case before us it is obvious that once the defendant stated he did not want to answer any further questions all questioning had to cease. He had claimed the "privilege" within the meaning of Miranda, and his failure to explain possession of stolen goods could not thereafter create an inference of guilt at his trial.
Notwithstanding the fact that the evidence was sufficient to have supported a conviction, we are of the opinion that the administration of justice would best be served in this case by holding that the jury instruction in question, interdicted by Miranda, was improperly given. The resultant error requires reversal.
Accordingly the judgment is reversed, and the cause is remanded for new trial.
Reversed and remanded.
McCAIN and REED, JJ., concur.