210 So.2d 238 (1968)
Jessie Lee GAMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 67-425.
District Court of Appeal of Florida. Second District.
May 8, 1968.
Rehearing Denied June 3, 1968.
*239 Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
HOBSON, Judge.
Appellant, defendant below, appeals a judgment and sentence of six months to five years imprisonment in state prison rendered pursuant to a jury verdict of guilty of breaking and entering a building other than a dwelling house with intent to commit a felony, to-wit: Grand Larceny.
A television store was broken into and five televisions and three or four radios were stolen. The televisions in question were rented by said store to various hospitals in the area; thusly, they were "used" merchandise. At the trial, an invoice was introduced into evidence which recited that the "original cost" of one of the televisions was $152.95. Eleven days following the theft, a search of defendant's apartment turned up one of the stolen television sets. After this set was found and while the defendant was a prisoner in the county jail, he was visited by a detective and was asked about the stolen television found in his apartment. The prisoner said that he got it from somebody and refused to say anything more.
At the trial the court gave the following instruction:
"I also charge you that when a building has been broken and entered without the consent of the owner and personal property is stolen therefrom, and the property stolen or some portion thereof is found in the possession of the person charged with the breaking and entering with intent to commit a larceny, such possession without a reasonable and plausible explanation of lawful possession of the property, or any portion thereof, may be sufficient to warrant a verdict of guilty of breaking and entering a building with intent to commit larceny therein. But the guilt of the accused doesn't follow as a presumption of law from the unexplained possession of the property stolen. The presumption of guilt in such a case is one which you may infer as a matter of fact of which you the jury are the sole judges of, and it is another circumstance that you may consider in connection with all the other facts and circumstances in the case which you believe to be true.
"The explanation of possession thus referred to is that given by the accused when he is first under duty to speak after such recently stolen property is discovered in his possession. There is no burden upon the Defendant to take the stand and explain such possession at the trial."
In this regard appellant contends that the above instruction violated both the Fifth and Fourteenth Amendments to the Constitution of the United States and that in the light of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed2d 694, such instruction is erroneous because a person is no longer under a legal duty to speak after being placed under police custodial interrogation. By this, if a defendant remains silent and does not explain his possession of stolen property by invoking his Fifth Amendment privilege, he cannot become subject to an inference of guilt at the trial.
Florida, in a long line of cases, has held that the privilege against self incrimination prohibits a defendant in a criminal case *240 from being compelled to be a witness against himself, but that such did not prohibit a jury from considering as circumstantial evidence the possession of stolen property unexplained by a defendant who at a time prior to trial chose to remain silent. Tilly v. State, 1885, 21 Fla. 242; Bargesser v. State, 1928, 95 Fla. 401, 116 So. 11; Ferguson v. State, 1946, 157 Fla. 324, 25 So.2d 799; Ard v. State, Fla. 1959, 108 So.2d 38; Cameron v. State, Fla.App. 1959, 112 So.2d 864; Romanello v. State, Fla.App. 1964, 160 So.2d 529 (cert. den. 381 U.S. 915, 85 S.Ct. 1541, 14 L.Ed.2d 436); McClain v. State, Fla.App. 1966, 185 So.2d 707; Miley v. State, Fla.App. 1966, 186 So.2d 299.
However, in the recent case of Young v. State, Fla.App. 1967, 203 So.2d 650, the Fourth District Court of Appeal of Florida noted that the above cited cases were decided prior to the decision of Miranda v. State of Arizona, supra, and held that in view of the Miranda case it would not be permissible to penalize a defendant for exercising his Fifth Amendment privilege when he was under police custodial interrogation by permitting the prosecution to use at trial the fact that he remained silent in the face of an accusation.
The rule in this regard is that if the prisoner is alone and indicates in any manner that he does not wish to be questioned the police may not interrogate him. When the prisoner herein refused to talk any more and remained silent, he had claimed the "privilege" within the meaning of Miranda and his failure to completely explain possession of the stolen T-V set could not thereafter create an inference of guilt at his trial.
Therefore, we hold that the instruction on recently stolen property constitutes reversible error.
It should be noted here that the court below in reaching its decision did not have the benefit of the Young case as that decision was not published until some weeks following the trial of this cause.
As this case will be reversed for a new trial, we find it necessary to comment on another assignment of error by appellant which has merit.
Appellant contends that the state failed to prove that the market value of the T-V set found in defendant's possession exceeded $100. In this regard, it is the law of Florida that a necessary element of proof to establish a charge such as in the instant case is the taking of property valued at $100 or more at the time of the theft. Todd v. State, Fla.App. 1966, 187 So.2d 908, 909; Lambert v. State, Fla.App. 1959, 111 So.2d 68, 69.
At the trial of the defendant herein, an invoice was introduced into evidence which recited that the original cost of one of the televisions was $152.95. It is a matter of record that the televisions which were stolen from the store were rented by said store to various hospitals in the area. Therefore, these sets were used merchandise. A necessary element of proof is that the T-V set in question must have had a value of $100 or more at the time of the theft and evidence as to what the T-V set may have originally cost does not establish that necessary element of proof. Testimony is required to establish the value of the television set in question at the time it was stolen in order to establish this element of the crime with which the defendant was charged.
The remaining assignments of error have been considered and found to be without merit.
Reversed and remanded for new trial.
LILES, C.J., and ALLEN, J., concur.