452 P.2d 875

The STATE of Utah, Plaintiff and Respondent,

v.

William G. McLAUGHLIN and Dennis Becker, Defendants and Appellants.

No. 11305.

Supreme Court of Utah.

April 3, 1969.

---

6. See State By and Through Road Comm. v. Woolley, footnote 2 above.

**322**

Ronald N. Boyce, Salt Lake County Legal Services, Salt Lake City, for defendants and appellants.

Phil L. Hansen, Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendants were charged by the Information with wilfully and maliciously injuring and destroying a public telephone instrument within the County of Washington. The offense charged is a felony under the laws of the State of Utah. The defendants were tried by the court without a jury. The court found the defendants guilty and thereafter sentenced them to a term in the Utah State Prison. The defendants have appealed to this court seeking a reversal or in the alternative that the matter be remanded for a new trial.

Before dawn on May 8, 1967, two young men were observed tampering with a telephone near the store of Mr. Clinton A. Nisson in Washington, Utah. Mr. Nisson observed the incident from his bedroom window approximately 68 feet from the telephone booth and immediately notified the Highway Patrol at the patrol station located about two miles from the scene of the occurrence. A highway patrolman stopped an automobile answering the description given by Mr. Nisson as it entered the on-ramp to Interstate Highway No. 15 at a point about one mile from the Nisson store. Mr. Nisson immediately went to the place where the car had been stopped and there identified the automobile and two male passengers as the persons he had seen at the telephone booth. The suspects were taken to St. George, the county seat, and incarcerated in the city

jail. Thereafter the men were charged with the offense above mentioned.

While in custody the defendants were advised as to their constitutional rights by Evan G. Whitehead, Sheriff of Washington County, and in response the defendants stated they wished to consult with an attorney. During the trial Sheriff Whitehead testified as to the defendants' request for an attorney prior to interrogation. On May 18, 1967, while the defendants were still incarcerated, Officer Joseph A. Pfoutz engaged in a conversation with the defendant McLaughlin during the course of which the officer read from the complaint which stated in part "did wilfully and maliciously break into a coin box," whereupon McLaughlin spoke up and stated that they hadn't broken into the box maliciously, they had done it for money. The defendant Becker was present but remained silent.

■ The defendants are here claiming that they are entitled to a reversal on two grounds: (1) that their constitutional rights were violated by the prosecution putting in evidence the fact that they had requested an attorney prior to interrogation; and (2) that evidence of their desire to consult with an attorney created the negative inference of guilt. This contention might have been well taken had the trial been before a jury, as a jury might erroneously conclude that only a guilty person would demand the aid of counsel before making a statement.[1] The trial having been conducted to the court alone, we must conclude that the learned judge would draw no adverse inference from the fact that the defendants requested the aid of counsel after being advised as to right to such assistance.

■ It is further contended by the defendant Becker that it was prejudicial error to allow the testimony of Officer Joseph A. Pfoutz which related to a statement by the defendant McLaughlin that they hadn't committed the offense maliciously, they had committed it for money. Again we must comment that had this been a trial by jury the error claimed might have been prejudicial as to Becker. Some of the more recent cases indicate that a jury, even with proper instructions by the court,[2] would likely fail to consider an admission or confession only against the declarant. In the instant case we conclude that a trial judge of learning and experience would only consider the evidence as it related to the issue of the guilt or innocence of McLaughlin. In connection with this claim we are also of the opinion that the

1. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; United States ex rel. Smith v. Brierly, D.C., 267 F.Supp. 274.

2. In re Goldsberry Estate, 95 Utah 379, 81 P.2d 1106, 117 A.L.R. 1444; Pursche v. Atlas Scraper & Engineering Co., 9 Cir., 300 F.2d 467.

**324**

silence of Becker at the time the codefendant made the statement would not be viewed by the court as an admission on his part.[3]

After a careful review of the record we are of the opinion that there is ample evidence to support the court's finding and judgment and the same is affirmed.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

3. Gamble v. State (Fla.App.), 210 So.2d 238.