323 So.2d 612 (1975)
Franklin D. PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. X-225.
District Court of Appeal of Florida, First District.
December 19, 1975.
*613 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
SMITH, Judge.
When apprehended appellant was driving an automobile carrying two companions and, on the rear floorboard and seat and in the trunk, fishing tackle, cigarettes and beer which had been stolen that night from Libby's Bait Shop at Southport in Bay *614 County. Appellant was granted a trial separate from his companions because one of them, when taken in custody, made an explanatory statement incriminating appellant as well as himself and the other gave an explanation incriminating in its improbability. Convicted of entering without breaking with intent to commit a felony, appellant complains on appeal of the trial court's charge that the jury might infer guilt from his unexplained possession of recently stolen goods.
It is far too late in the day to doubt that the unexplained possession of stolen goods soon after the theft gives rise to an inference that those in possession are the thieves. As Mr. Justice Roberts stated for the Court in State v. Young, 217 So.2d 567 (Fla. 1968), cert. den. 396 U.S. 853, 90 S.Ct. 112, 24 L.Ed.2d 101 that inference was formally recognized in Florida before Young v. State, 24 Fla. 147, 3 So. 881 (1888), and in the common law before Regina v. Langmead, 169 Eng.Rep. 1459 (Cr. Cas. 1864).
Appellant argues that no presumption of guilt could arise against him because he was not in exclusive possession of the stolen goods, Solomon v. State, 145 So.2d 492 (Fla.App.2d, 1962), cert. den. Fla., 155 So.2d 151 (1963), Cone v. State, 69 So.2d 175 (Fla. 1954), nor was his possession of the car and its contents, jointly with his passengers, accompanied by personal knowledge of the stolen goods and the ability to control them. See, e.g., Frank v. State, 199 So.2d 117 (Fla.App. 1st, 1967) and Harris v. State, 307 So.2d 218 (Fla.App.3d, 1975). In the absence of evidence to the contrary, appellant urges that he didn't place the stolen goods in the car or see them placed there, that the goods must have been placed there while appellant slept a drunken sleep on the front seat, that appellant did not see and could not conveniently see any of the goods from the driver's seat, and that he drove the car only to accommodate the owner, a companion with an injured foot.
The visibility of stolen goods to anyone who looked in the rear seat and appellant's control of the car while driving are persuasive that appellant knew of and was able to control the stolen goods. But the necessary proof need not be derived solely from the automobile. There is other evidence that appellant acted in concert with his companions, the only other likely handlers of the stolen property. The three spent most of the day driving and drinking together. Libby's Bait Shop, where the goods were stolen, is next door to the Seahorse Lounge where appellant and his companions drank late into the night. At intervals each of the three stepped out of and then returned to the barroom. When finally they drove away, the suspicious bartender discovered that Libby's had been broken, entered and pillaged. Proof of those circumstances tended to show that the goods carried away in the car were not merely in the possession of the member of the party most likely to have placed them there but were rather under the knowing dominion of all three jointly. Cameron v. State, 112 So.2d 864 (Fla.App.1st, 1959); State v. Chase, 444 S.W.2d 398 (Mo. 1969); Gilley v. State, 227 Ind. 701, 88 N.E.2d 759 (1949); Flamer v. State, 227 A.2d 123 (Del. 1967); 1 Wharton, Criminal Evidence § 139, n. 38 (13th ed., 1974 Supp.); Annot., 51 A.L.R.3d 727, 752 (1973). The Frank and Harris decisions relied on by appellant are thus distinguished, as is the similar decision in Lockett v. State, 262 So.2d 253 (Fla.App.4th, 1972).
There was evidence, then, from which the jury could have concluded that appellant possessed the recently stolen property and so likely was the thief or one of them. State v. Young, 217 So.2d at 571:
"It can be seen, therefore, that the rule of evidence respecting possession of recently stolen goods is no different, in kind, from the rule respecting the probative value of any other circumstantial evidence. Flight, concealment, resistance to a lawful arrest, presence at the scene *615 of the crime, incriminating fingerprints  the whole body of circumstantial evidence relevant in a given case  are all incriminating circumstances which the jury may consider as tending to show guilt if evidence thereof is allowed to go to the jury unexplained or unrebutted by evidence of exculpatory facts and circumstances."
The issue at hand is not precisely whether the trial judge in ruling on an acquittal motion and the jury in deliberating upon its verdict were entitled to reflect on the inference that appellant is the thief. On the evidence as well as in contemplation of the law, that inference arises inexorably "from the reason and experience and common understanding of men" (Young, 217 So.2d at 571), and it would be as frivolous to obstruct the natural effect of the proof as to command the arrest of the sun. The particular issue before us, however, is whether the inference is a proper subject of comment by the trial judge and whether the charge in this case was properly given over objection:[1]
"I charge you further that with reference to the possession of recently stolen goods, that where it is shown beyond a reasonable doubt that a building has been entered and property stolen from it and soon thereafter the property is found in possession of the person charged with entering the building with an intent to steal, such possession unexplained, or if explained is by an explanation so unreasonable and incredible that the jury finds it unworthy of belief, may warrant the jury to infer guilt of the crime of entering the building with intent to steal. The guilt of the defendant does not follow as a presumption or conclusion of law from the unexplained possession of the property recently stolen, but an inference of guilt as a matter of fact may be drawn therefrom by the jury to be considered by them in connection with all other evidence" (emphasis added).
If the propriety of such an instruction were a fresh issue today, we might doubt that sensible jurors need telling of an inference that is said to arise unaided from their own reason, experience and common understanding. And if the evidence is such that the inference has not occurred to the jury after argument of counsel, we might doubt that it is the trial judge's business to summon up the inference either by a wink and nod or by an overt instruction.[2] But the giving of *616 such a charge in a proper case was approved long ago, 2 Wharton, Evidence in Criminal Issues, § 758, at 1509-11 (10th ed., 1912),[3] and recently. Romanello v. State, 160 So.2d 529 (Fla.App.1st, 1964), cert. den. 381 U.S. 915, 85 S.Ct. 1541, 14 L.Ed.2d 436; McClain v. State, 185 So.2d 707 (Fla.App.2d, 1966), cert. den. 192 So.2d 498 (Fla. 1966); State v. Young, supra.
Although the formulation of the inference remains much as stated in the trial court's charge in this case, its rationale has been remarkably transformed in response to Fifth Amendment pressures. Formerly all emphasis was on the accused's duty to explain satisfactorily how he came honestly by the stolen goods. See Leslie v. State, 35 Fla. 171, 17 So. 555 (1895); Collier v. State, 55 Fla. 7, 45 So. 752 (1908); McDonald v. State, 56 Fla. 74, 47 So. 485 (1908); Bargesser v. State, 95 Fla. 401, 116 So. 11 (1928); Ferguson v. State, 157 Fla. 324, 25 So.2d 799 (1946). If his explanation was "reasonable and credible," the State was said to have a "duty" to disprove it. Collier, 55 Fla. at 10, 45 So. at 753; McDonald, 56 Fla. at 79, 47 So. at 486. But recognizing now that the accused has the absolute right to remain silent both at trial[4] and in custody, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), we do not permit the prosecutor to exact a penalty by calling up an inference of guilt from the accused's silence while in custody, as by rhetorically questioning the arresting officer about the accused's failure when arrested to explain his possession of stolen goods. Miranda v. Arizona, 384 U.S. at 468, 86 S.Ct. at 1625, 16 L.Ed.2d at 720, n. 37; State v. Young, 217 So.2d at 570 (Fla. 1968) (dictum); People v. Masters, 30 A.D.2d 723, 291 N.Y.S.2d 230 (1968), citing People v. Travato, 309 N.Y. 382, 131 N.E.2d 557 (1955).[5]
Because of Fifth Amendment considerations, the District Court of Appeal, Fourth District, held in its Young decision, 203 So.2d 650 (Fla.App.4th, 1967), rev'd 217 So.2d 567 (Fla. 1968), that charging the jury on the inference of guilt is no longer constitutionally permissible. Accord, Gamble v. State, 210 So.2d 238 (Fla.App.2d, 1968), cert. dism. Fla., 225 So.2d 910 (Fla. 1969); Urquhart v. State, 211 So.2d 79 (Fla.App.2d, 1968); Carpenter v. State, 213 So.2d 738 (Fla.App.2d, 1968), rev'd 222 So.2d 194 *617 (Fla. 1969). Contra, Shaw v. State, 209 So.2d 477 (Fla.App.1st, 1968), cert. dism. 218 So.2d 168 (Fla. 1968).
The Supreme Court, over the dissent of three justices who wished to infer guilt from possession and to excise all reference to the accused's explanation or the lack of it, sought in Young to preserve the formulation based on "unexplained possession of goods recently stolen" while avoiding the implication that the accused has, at any time, a duty to explain. Thus, although unexplained possession of recently stolen goods is the triggering circumstance, the resulting inference of guilt was said to arise not from the accused's failure to explain his possession of stolen goods, not from the fact of "unexplained possession," but from the fact of possession. 217 So.2d at 570. The words of the charge remained the same; their meaning changed.[6]
Relieved in theory of a previous concern for the accused's failure to explain and relieved in form of language requiring the State to disprove any apparently reasonable and credible explanation, the conventional charge now more clearly becomes what it always tended to be: a judicial argument mildly inciting the jury to convict the defendant of stealing property notwithstanding that he was seen only to possess it.[7] In Regina v. Langmead, the English precedent invoked by Young, 217 So.2d at 571, Baron Martin directly stated the problem for which the subject instruction has evidently become an acceptable solution:
"In cases of this nature it often happens that some of the jurors feel doubts, and think they ought not to convict the prisoner of stealing unless some one has actually seen him taking the property, and so they concur in convicting him of receiving, supposing that that is the more lenient view." 169 Eng.Rep. at 1464.
Defense counsel objected to the charge in this case on the ground that the evidence, as well as the law, did not support the giving of it. We find on examination of the record that he was correct. As noted earlier, appellant's confederates when arrested gave dubious or directly incriminating explanations concerning their possession of the stolen goods. For that reason they were tried separately from appellant. But there was no evidence that appellant himself, when apprehended, either failed to explain his possession of the goods or gave an arguably "unreasonable and incredible" explanation to which the jury might apply the instruction that
"... such possession unexplained, or if explained is by an explanation so unreasonable and incredible that the jury finds it unworthy of belief, may warrant the jury to infer guilt... ."
*618 It is true that appellant testified at trial that he did not know the goods were in the car. The jury might have found that incredible or not, but that testimony could not provide an evidentiary predicate for the charge, which pertains to explanations given or withheld by the accused when apprehended, not at trial. See authorities supra n. 4.
It is fundamental that the court's instructions to the jury should relate to and be confined to issues concerning evidence which has been received at trial. White v. State, 129 Fla. 885, 176 So. 842 (1937); Bradley v. State, 82 Fla. 108, 89 So. 359 (1921); Gadsden v. State, 77 Fla. 627, 82 So. 50 (1919); State v. Brown, 118 So.2d 574, 580 (Fla.App.2d, 1960), cert. disc., 124 So.2d 481 (Fla. 1960); Swindle v. State, 254 So.2d 811 (Fla.App.2d, 1971). It follows that the charge, being unsupported by evidence, should not have been given in this case. In Young, by contrast, there was evidence that when apprehended the accused gave some untruthful information about his identity and then refused further comment. 203 So.2d at 652, 217 So.2d at 568. See Wharton, supra n. 3.
It is unnecessary for us to decide in this case whether the State can prove, over a Miranda-based objection, that an accused apprehended in possession of recently stolen goods was given an opportunity to explain his possession, yet stood entirely silent. It is not clear to us why, without custodial interrogation, an innocent person would spontaneously explain when apprehended how he came to possess goods he did not steal or know were stolen. But see Shaw v. State, supra, 209 So.2d at 480. Clearly the charge may be given if the accused voluntarily gave an explanation when apprehended[8] or when evidence of his failure to explain is elicited on his cross-examination at trial. Lebowitz v. State, supra n. 5.
In the retrial of this case, the jury will of course be at liberty to consider the inference of guilt arising from the evidence of Palmer's possession of goods recently stolen from Libby's Bait Shop. That inference will arise from the evidence without beckoning by the trial judge, and the jury will learn of it and all other legitimate inferences when they consider the evidence in the light of the argument of counsel and their own "reason and experience and common understanding." Young, 217 So.2d at 571.
Reversed.
BOYER, C.J., concurs.
MILLS, J., dissents.
MILLS, Judge (dissents):
I dissent. The phrases of the instruction which the majority found to be objectionable were no more than harmless error. I would affirm.
NOTES
[1] This charge was nearly but not exactly like that approved in Dixon v. State, 227 So.2d 740, 743 (Fla.App.4th, 1969), differing only in the inclusion of the phrase "or if explained is by an explanation so unreasonable and incredible that the jury finds it unworthy of belief." Both charges are markedly different from that recommended by Florida Standard Jury Instructions (Criminal), which in the recommended charges on burglary and larceny omits any reference to the accused's explanation or the lack of it. Recommended modifications of the standard charges now before the Supreme Court (No. 48,491) would restore the reference to "unexplained possession."
[2] Whether and to what extent the trial judge should comment on the evidence is the subject of a continuing and lively debate. In Lester v. State, 37 Fla. 382, 387-88, 20 So. 232, 234, (1896), Mr. Justice Taylor counseled that the trial judge "avoid the use of any remark in the hearing of the jury that is capable, directly or indirectly, expressly, inferentially, or by innuendo, of conveying any intimation as to ... his opinion as to the weight, character, or credibility of any evidence adduced." Florida courts have generally adhered to that view of the matter. Raulerson v. State, 102 So.2d 281 (Fla. 1958); Tanner v. State, 197 So.2d 842 (Fla.App.1st, 1967), cert. den., 201 So.2d 898 (Fla. 1967). Of the incriminating circumstances listed in Young, 217 So.2d at 571, and quoted above, only flight and the unexplained possession of recently stolen property are considered appropriate subjects for comment to the jury. Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920); Williams v. State, 268 So.2d 566 (Fla.App.3d, 1972). Because a judicial comment on one inference often neglects another [Gunn v. State, 78 Fla. 599, 83 So. 511 (1919)] and charges balanced with fairness all round are scarcely intelligible, judge-made argument has largely been eliminated in Florida civil cases. Florida Standard Jury Instructions (Civil), at xx (1967). Some commentators, having less confidence in the dialectic of the adversary process, propose more and more judicial comment on the evidence. E.g., ABA Standards Relating to Trial by Jury, § 4.7 Summary of and Comment on Evidence (Tentative Draft, May 1968), deleted by the House of Delegates Aug. 6, 1968 (September 1968 Supp.).
[3] may say that a court may properly tell the jury that the possession by a party of stolen goods is a fact from which his complicity in the larceny may be inferred. But the possession must be personal; must be recent; must be unexplained; and must involve a distinct and conscious assertion of property by the defendant. If the explanation involves a falsely disputed identity or other fabricated evidence, the inference increases in strength... ." (footnotes omitted).
[4] In Ard v. State, 108 So.2d 38 (Fla. 1959), rendered when sensitivity to the accused's right of silence in custody was perhaps less than in post-Miranda years, the prosecutor argued that the accused, arrested with two stolen cases of cigarettes, had given no "reasonable explanation of how he got into it." Error was found in the prosecutor's implication that the accused had not testified at trial. The Court took care to say that the accused's burden to explain does not arise at trial but rather "when he is first under a duty to speak after such recently stolen property is discovered in his possession." 108 So.2d at 41, quoting and approving Crowell v. State, 195 Miss. 427, 15 So.2d 508, 512 (1943). See also Romanello v. State, supra, 160 So.2d at 534; McClain v. State, supra, 185 So.2d at 708; Shaw v. State, infra, 209 So.2d at 479.
[5] When the accused takes the stand to testify in his own behalf, however, he puts his credibility in issue and subjects himself to searching cross-examination concerning his failure to explain, or his inadequate explanation of, his possession of stolen goods. Lebowitz v. State, 313 So.2d 473 (Fla.App.3d, 1975).
[6] now employ the expression `Legal Fiction' to signify any assumption which conceals, or affects to conceal, the fact that a rule of law has undergone alteration, its letter remaining unchanged, its operation being modified." H. Maine, Ancient Law 25 (3rd Am. ed. 1875).
[7] In 1888, by its first Young decision, supra, 24 Fla. at 151, 3 So. at 882, the Supreme Court cited 1 Greenleaf, Evidence § 44 (14th ed., 1882), which at 60-61 stated:

"Presumptions of fact ... are, in truth, but mere arguments, of which the major premise is not a rule of law. ... They depend upon their own natural force and efficacy in generating belief or conviction in the mind, as derived from those connections, which are shown by experience, irrespective of any legal relations... . [T]hese merely natural presumptions are derived wholly and directly from the circumstances of the particular case, by means of the common experience of mankind, without the aid or control of any rules of law whatever. Such, for example, is the inference of guilt, drawn from the discovery of a broken knife in the pocket of the prisoner, the other part of the blade being found sticking in the window of a house, which, by means of such an instrument, had been burglariously entered" (emphasis added).
One of the law's ironies is that judges dare not charge on the compelling inference last mentioned by Greenleaf, but do not hesitate to do so when the inference, whether weaker or stronger in fact, arises from possession of recently stolen property.
[8] As long as the accused's failure to give a satisfactory explanation remains a formal part of the inference and of the charge, it would seem, given an explanation by the accused which arguably raises a reasonable doubt of his guilt, that the accused is entitled to a balancing charge that his possession does not infer guilt unless the State disproves the explanation. Collier v. State, supra, 45 So. at 753; McDonald v. State, supra, 47 So. at 486.