McCORD, Justice.
Appellants and a co-defendant Ronnie McDougal, were convicted after jury trial of burglary and grand larceny. Appellants appeal the judgments and sentences contending that the trial court erred in denying their motion for directed verdict of acquittal made at the close of the state’s case. We find such was not error and affirm.
No question has been raised as to the sufficiency of the total evidence, and we are concerned only with whether or not the state presented a prima facie case in its case in chief. The state’s evidence shows *810 the following: The photography studio of one Lester Humphrey was broken into between the hours of 7:40 and 8:40 p. m. on January 21, 1976, while he was away on errands. He had locked the business and upon his return at approximately 8:40 p. m. he discovered that the lock had been jimmied and camera equipment valued at approximately $2,200 and blank checks had been stolen. Appellant Crenshaw was identified as having been a temporary worker at the studio in November of 1975 and during that period and for a time subsequently he had a key to the business. The key, however, had been returned prior to the burglary.
Shortly before 9:00 p. m., police officers received a radio dispatch concerning a possible robbery in progress and were directed to a liquor store for investigation. Upon arrival, appellant Davis and co-defendant McDougal were inside the store and appellants Robinson and Crenshaw were seated in the car outside. After Davis and McDougal re-entered the car and drove away, the officers followed and stopped the automobile. As appellants’ car stopped, the officers observed appellant Crenshaw, who was seated in the right front passenger side, reach under the seat. One of the stolen checks was later found under the right front seat where Crenshaw was observed reaching. A number of attached checks were observed by an officer in plain view lying between the feet of appellant Robinson, and one of the checks bore the fingerprint of co-defendant McDougal. All of the checks were identified as stolen from the studio during the burglary in question. There was evidence that appellants and co-defendant McDougal were together at the time Humphrey’s studio was burglarized. That, taken with the evidence that the stolen checks were within the automobile and some of them were in plain view, supports a strong inference that appellants were jointly in possession of the stolen checks because they stole them. The evidence supports the conclusion that appellants knew of the presence of the checks and had the ability to exercise dominion over them. This evidence of appellants’ possession of recently stolen property (stolen an hour to an hour and a half prior to their apprehension) is prima facie evidence that they committed the burglary. See Palmer v. State, 323 So.2d 612 (Fla. 1 DCA 1975). In addition we have the circumstance that one of the appellants had previously worked at and had had a key to the studio and could easily have had a duplicate key made to give him continued access thereto. These circumstances presented a prima facie case sufficient to withstand the defendants’ motion for directed verdict.
Affirmed.
SMITH, J., concurs.
RAWLS, Acting C. J., dissents.