BROWNLEE, JACKSON 0., Associate Judge.
Kenneth Hudson appeals from his conviction for the grand theft of an automobile. At trial, the evidence showed that the automobile had disappeared between 8:00 and 11:00 p. m. and that Hudson was found in possession of the stolen vehicle the next morning, approximately one hundred and ninety miles from the scene of the vehicle’s disappearance. There was no evidence on whether he had ever attempted to explain his possession of the automobile. The trial court instructed the jury:
Proof of unexplained possession by the defendant of property recently stolen may justify a conviction of the taking of the property if the evidence of the taking and the circumstances of the possession, when considered in the light of all of the evidence in the case, convince you beyond a reasonable doubt that the defendant committed the crime.
The question before the court is not the constitutionality of the instruction, but whether or not there is any “evidence” of unexplained possession which would permit the instruction. Counsel for appellant candidly admits that he does not know how there can be “evidence that the possession is unexplained without said evidence being in violation of the defendant’s Miranda rights.” Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, appellant’s position is that Palmer v. State, 323 So.2d 612 (Fla. 1st DCA), cert. denied 336 So.2d 108 (1976), requires such showing. The question then arises as to whether or not that “evidence” refers to time of trial or time in which he was found in possession of the recently stolen goods. This must be answered as time of possession, rather than time of trial as it is that lack of explanation when there is a duty to speak which raises the inference, Ard v. State, 108 So.2d 38 (Fla.1959); McClain v. State, 185 So.2d 707 (Fla. 2d DCA 1966); Romanello v. State, 160 So.2d 529 (Fla. 1st DCA 1964).
The prosecutor is then placed in a Hob-son’s choice situation. Should he ask the arresting officer or person who found the defendant in possession of the stolen properties, “Did the defendant explain his possession?” Should he answer “no”, then this would be in violation of the defendant’s Miranda rights and reversible error. Clark v. State, 363 So.2d 331 (Fla.1978). If he fails to solicit that information, then the question arises, is he entitled to the instruction because there’s nothing in the record to indicate that the defendant failed to explain the possession, which appears to be the holding in Palmer, wherein the First District Court stated:
It is unnecessary for us to decide in this ease whether the State can prove, over a Miranda-based objection, that an accused apprehended in possession of recently stolen goods was given an opportunity to explain his possession, yet stood entirely silent. . . . Clearly the charge may be given if the accused voluntarily gave an explanation when apprehended or when evidence of his failure to explain is elicited on his cross-examination at trial.
*956 323 So.2d at 618.
The Fourth District Court of Appeal addressed itself to this question in Young v. State, 203 So.2d 650 (Fla. 4th DCA 1967), and in essence held, based on Miranda, that
If the defendant desires to stand mute and not explain his possession of stolen property by invoking his Fifth Amendment privilege, he cannot become subject to an inference of guilt at the trial.
Id. at 650.
However, the supreme court, in a four-three decision, reversed the Fourth District Court of Appeal and stated:
Moreover, the inference of guilt that the jury may infer from the unexplained possession of recently stolen goods does not arise from the possessor’s failure to explain or demonstrate by evidence of exculpatory facts and circumstances that his possession of the recently stolen goods is innocent. It is the fact of possession that provides the basis for the inference of guilt.
217 So.2d 567, 570 (Fla.1968).
Perhaps a better solution would be to strike the word “unexplained” from the standard jury instruction. However, the case law does not require this and, although there appears to be at least some conflict with the First District Court case of Palmer and the supreme court case of Young, we are compelled as a matter of law to follow the supreme court decision in Young, which has recently been reaffirmed in Edwards v. State, 381 So.2d 696 (Fla.1980); Smith v. State, 378 So.2d 313 (Fla. 5th DCA 1980). The trial court is therefore
AFFIRMED.
CROSS and SHARP, JJ., concur.